## SECOND DEPARTMENT, NOVEMBER, 1923.

ORSEN DECKER, an Infant, by STEPHEN DECKER, His Guardian ad Litem, Respondent, v. THE POUVAILSMITH CORPORATION, Appellant.

*Workmen's compensation — negligence — action for injuries to child fourteen years of age employed in factory without employment permit — judgment for plaintiff on theory of negligence reversed.*

Appeal from a judgment of the Supreme Court, in favor of the plaintiff, entered in the Dutchess county clerk's office on April 21, 1920, upon the verdict of a jury for $9,500, and also from an order entered on April 19, 1920, denying a motion for a new trial.

Judgment and order reversed, and complaint dismissed on the law, with costs, upon authority of *Noreen* v. *Vogel & Bros.; Inc.* (231 N. Y. 317). Rich, Manning and Kapper, JJ., concur; Kelly, P. J., dissents and reads for affirmance, with whom Kelby, J., concurs.

KELLY, P. J. (dissenting): I dissent, and vote to affirm. The gravamen of the action is the wrong done the child, violation of the law of the State in permitting him to work in the factory at all without employment papers, and the additional and more serious violation of the statute of putting this child, fourteen years of age, at work on a dangerous cutting machine.* The point on which I dissent and

---

* See Labor Law of 1909, §§ 70, 93, as respectively amd. by Laws of 1913, chaps. 529, 464. See, also, Laws of 1919, chap. 544, since amdg. said § 93; Labor Law of 1921, § 131, as amd. by Laws of 1921, chap. 386; Id. § 146.— [REP.

which, in my opinion, has not been decided by the Court of Appeals in *Noreen v. Vogel & Bros., Inc.* (231 N. Y. 317), cited in the memorandum of the majority of the court, is that the constitutionality of the Workmen's Compensation Law in depriving claimants of their right to trial by jury has been sustained in the Court of Appeals and in the Federal Supreme Court upon the theory that the employee in entering upon the employment has consented to or accepted the supposed benefits of the Workmen's Compensation Law and so it becomes a part of the contract of hiring and the person so contracting is bound by its provisions. Without this implied consent, it seems to me, the injured party could insist on his right to trial by jury. But how can it be said that a child fourteen years of age has assented to or contracted away his rights? In *Noreen v. Vogel & Bros., Inc.* (*supra*, 322), the learned judge writing the opinion said: " In the absence of the Workmen's Compensation Law, the plaintiff having been injured in such service, if he brought a common-law action to recover damages for such injuries, would seek a recovery upon the ground that he was an employee and as such entitled to assert the applicability of the rules of law relating to the duty imposed upon a master towards a servant." With the greatest respect for the court of last resort and for the learned judge writing the opinion, I think a child injured through willful violation of the law is not relegated to an action based upon the theory of the relation of master and servant. The ground of his action is the wrong done him by violation of the statute enacted for the protection of children of tender years. In *Matter of Jensen v. Southern Pacific Co.* (215 N. Y. 514, 527) the court said: " Moreover, the act [*i. e.*, Workmen's Compensation Law] does not deal with intentional wrongs but only with accidental injuries." It seems to me, with all deference, that the Legislature never intended that the act should relate to wrongs perpetrated upon the child in defiance of the law, and this is the real basis of the child's action. Kelby, J., concurs.