CHARLES A. J. QUECK-BERNER, Respondent, *v.* V. EVERITT MACY, Appellant.

Master and servant — negligence — Workmen's Compensation Act — election by master and servant to become subject to provisions of the act — construction and application of provision of the act relating to such election — when such election binding upon employee.

1. Under the Workmen's Compensation Law as it existed June 28, 1919, any employer, not carrying on one of the employments therein enumerated as hazardous or who, carrying on one of such employments, has in his employ an employee not included within the term " employee " as defined by the statute, and the employees of any such employer, may, by their joint election, elect to become subject to the provision of the statute relating to compensation in case of injury. There is no express limitation contained in the act that such election is effective only where the employment is in a business conducted for pecuniary gain and the Legislature has clearly expressed its intention (§ 2, subd. 5) that no such limitation shall be implied.

2. Plaintiff was injured while employed by defendant upon his private country estate and brought this action to recover for such injury. Defendant interposes, as a separate defense, that defendant and plaintiff by their joint election had become subject to the pro-

visions of the Workmen's Compensation Act and that the liability prescribed in the act is exclusive. Upon the trial it was stipulated that the defendant was duly and lawfully covered by the Compensation Act, having complied with all the requirements of the statute and this procedure has been approved by the Industrial Commission. At the close of plaintiff's case defendant moved to dismiss the complaint upon the ground that it had been conceded that the defendant and the plaintiff had both elected to come under the Workmen's Compensation Act and that under such election the exclusive remedy is the compensation provided by the act. This motion was denied and the case sent to the jury. This was error; there was an express stipulation that the defendant had duly elected to become subject to the provisions of the act and no claim was made at the trial that the plaintiff had not joined in the election or that the proof was insufficient to show the joint election required by the statute.

3. The fact that the stipulation is silent as to any election by plaintiff is immaterial. The statute provides that, after the employer has made his election and had it approved by the Industrial Commission, these acts shall operate to subject him to the provisions of the act, and that any employee in his service shall be deemed to have accepted and shall be subject to the provisions of the statute unless the employee at the time of entering into his contract of hire gives notice in writing that he elects not to be subject to the provisions of the statute and files a copy of such notice with the commission.

4. The plaintiff cannot, however, raise the question of his election. It was stated by defendant's counsel, upon the trial, that the plaintiff conceded and had stipulated that there was a joint election and the plaintiff's counsel acquiesced in such statements not only by silence but by arguing only the legal effect of such election.

*Queck-Berner* v. *Macy*, 213 App. Div. 809, reversed.

(Argued May 12, 1925; decided June 2, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 19, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

*Walter L. Glenney, James M. Borard* and *Bertrand L. Pettigrew* for appellant. The exclusive remedy of the plaintiff is under the Workmen's Compensation Law. (*Bernstein* v. *B. E. Hospital*, 236 N. Y. 268; *Caldana* v.

*Buezenburg,* 206 App. Div. 183; *Rugg* v. *N. H. Assn.,* 205 App. Div. 174; *Posey* v. *Moynehan,* 195 App. Div. 440; *Goldberger* v. *Goldberger,* 200 App. Div. 190.)

*Abraham M. Fisch* and *Ely Rosenberg* for respondent. The defendant failed to prove that there was an election both by himself and the plaintiff to come under the Workmen's Compensation Act. The defendant having pleaded the Compensation Act as a defense had the burden of proving same. (*Rugg* v. *Norwich Hospital Assn.,* 205 App. Div. 174.) In order for an employee to come under the Compensation Act, his master must be engaged in a business for pecuniary gain. An award made to an employee by the Compensation Commission, will be reversed where the master at the time of the accident was not in a business for pecuniary gain. (*Goldberger* v. *Goldberger,* 200 App. Div. 190; *Millard* v. *Townsend,* 204 App. Div. 132; *Francisco* v. *Oakland,* 193 App. Div. 573.)

LEHMAN, J. The plaintiff was injured on June 28, 1919, while employed by the defendant upon the defendant's private country estate or home, Chilmark Farm. The defendant in answer to the complaint pleaded as a separate defense that the defendant and the plaintiff by their joint election became subject to the provisions of the Workmen's Compensation Act, and that the liability prescribed in said act is exclusive.

At the trial it was stipulated that the defendant was " duly and lawfully covered by Workmen's Compensation Insurance for all employees at Chilmark Farm, the private home of V. Everitt Macy, near Ossining, New York; that notices were duly posted, and that a notice had been duly filed with the Industrial Commission as provided for by the Workmen's Compensation Law applicable to employers, and that the employer had duly elected under the Workmen's Compensation Act to become subject

to the provisions of the said Act, and that he has adopted one of the methods of securing compensation to his employees described in the said Act, and that this has been approved by the Commission."

At the close of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that " it has been conceded in this case that the defendant and the plaintiff both elected to come under the Workmen's Compensation Law, and that under such election the exclusive remedy is the Workmen's Compensation Act. This defendant, it is conceded, complied with all the requirements of the Workmen's Compensation Law, to bring him under the election provision." The plaintiff's attorney asked to be heard upon the motion and upon his argument stated: " My contention is a very simple one, and I think I can explain it very briefly and to the point. The law which says that the employer may elect under certain conditions to bring his employees under compensation, and that the employee is bound by it, refers to a business where an employer is not engaged in a hazardous work. * * * Now, in farm labor, no man is running a farm for his health; he is running it for pecuniary gain. My friend cannot show me a case in this State which holds that, under these circumstances, compensation would exclusively apply." He urged at considerable length and with citation of cases which he claimed supported his view that the Compensation Act did not apply where the employment, as in this case, was not in connection with a business for pecuniary gain. The trial justice after reserving decision upon this motion has denied it, and a judgment in plaintiff's favor has been entered upon a verdict of the jury.

The Workmen's Compensation Law as it existed at the time of the plaintiff's injury provided in section 2, after enumerating forty-four groups of employment, that " Any employer not carrying on one of the employments enumerated in this section, or who carrying on one of

such employments has in his employ an employee not included within the term ' employee' as defined by section three of this chapter, and the employees of any such employer, may, by their joint election, elect to become subject to the provisions of this chapter in the manner hereinafter provided." There is no express limitation contained in the act that such election is effective only where the employment is in a business conducted for pecuniary gain, and the Legislature has clearly expressed its intention that no such limitation may be implied by providing in section 3 (now section 2), subdivision 5, that the term " employment " as used in the act " includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain, or in connection therewith, except where the employer and his employees have by their joint election elected to become subject to the provisions of this chapter as provided in section two." (L. 1917, ch. 705.)

In the cases where the courts have held that the Workmen's Compensation Act did not apply because the injuries arose in the course of an employment outside of a trade, business or occupation carried on for pecuniary gain, there was no joint election in the manner provided by statute. In the present case there is the express stipulation that the defendant had duly elected to become subject to the provisions of the act and at the trial the plaintiff's counsel at no time made any claim that the plaintiff had not joined in this election or suggested to the trial judge that the proof was insufficient to show the *joint* election required by the statute. His answer to the defendant's motion to dismiss the complaint was solely that the provisions of the act in regard to a right of election to become subject to the provisions of the act do not apply to the plaintiff's employment. He now urges that even though we should hold that his contention was erroneous, we must sustain the ruling in his favor of the courts below on the ground that the record

is barren of proof that the plaintiff had joined in the employer's election. The stipulation is silent as to any election by the employee; the question remains whether under the circumstances of this case such silence implies a concession of an election on his part, or in any event whether in the absence of affirmative proof to the contrary, such election may not be inferred.

The statute provides in detail for the manner in which the employer shall make his election by posting notices thereof and by filing with the Commission a written statement and securing from the Commission its approval of the form and method of securing compensation for his employees. These acts " shall operate to subject him to the provisions of the act." The statute further provides that any employee in his service " *shall be deemed to have accepted* and shall be subject to the provisions of this chapter * * * if the employee shall not at the time of entering into his contract of hire have given to his employer notice in writing that he elects not to be subject to the provisions of this chapter and filed a copy thereof with the commission." The election by the employer must be made through affirmative acts intended to give notice to the employees and secure approval by the Commission; the election by the employee is conclusively presumed unless by affirmative acts he gives notice not to elect. The employer asserting that the sole remedy of an injured employee is under the Workmen's Compensation Law must undoubtedly prove the joint election of employer and employee. Whether upon proof of the affirmative acts upon his part showing that he has become subject to the provisions of the act the burden of producing evidence of affirmative acts on the part of the employee showing that he has given notice that he elects not to be subject to the provisions of the act shifts to the employee, may be a matter of some doubt in view of the language of the statute, but would ordinarily not be of much practical importance. If such

notice has been given a copy must be filed with the Commission, and a real dispute seldom arises as to whether a document has been filed in a public office.

In this case the plaintiff is not in a position to raise such question. A judgment must rest upon proof in regard to all matters which are in dispute between the parties, but the parties may themselves determine what matters are the subject of dispute and upon which proof may be required. The court having jurisdiction of the persons and of the subject-matter of the dispute passes on nothing else. Not only the express language of a stipulation or concession but the construction which the parties place upon it and their attitude at the trial must be given effect in determining the force of a stipulation or concession. Here the defendant's attorney repeatedly stated to the court that the plaintiff conceded and had stipulated that there was a joint election, and the plaintiff's attorney conclusively evidenced his acquiescence in those statements, not only by silence but by arguing only the legal effect of a joint election. To allow a judgment in plaintiff's favor to stand not because the plaintiff has in fact failed to join in the employer's election or even because there is a real dispute on this point, but because the defendant rested upon a stipulation which both parties regarded as sufficient to show a joint election, would be entirely subversive of justice. The complaint should have been dismissed because the undisputed facts show that the plaintiff's sole remedy is under the Workmen's Compensation Act. In view of these considerations it is unnecessary to determine whether the plaintiff otherwise made out a *prima facie* case sufficient to establish liability at common law.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.