MURRAY REALTY COMPANY, Appellant, *v.* REGAL SHOE COMPANY, Respondent.

Fourth Department, March 21, 1934.

*Henry R. Follett*, for the appellant.

*Edward Schoeneck*, for the respondent.

TAYLOR, J. Real property was leased by plaintiff, appellant, to Truly Warner, Inc., and the latter assigned the lease to Truly Warner Co., Inc. A portion of the premises had been sublet by the first lessee to defendant, respondent. The overlease contains certain " covenants " by the lessee " as part consideration for this letting," one of which is the following: " That an adjudication that the lessee is bankrupt shall *ipso facto* end and terminate this lease and any rights thereunder."

The lease also contains this paragraph: " The lessor at its option may rescind and terminate this agreement upon  *  *  *  the breach of any of its conditions, or any of the covenants or agreements of said lessee."

The assignee, lessee, of the overlease on July 16, 1932, and during the term of the lease, was adjudicated a voluntary bankrupt. The receiver and trustee in bankruptcy disaffirmed the lease. On November 4, 1932, the original lessee and its assignee, by an instrument in writing, surrendered all their rights under the overlease to this plaintiff and assigned to it the sublease of defendant. Plaintiff, as lessor of defendant, sued defendant for rentals claimed to be due for the months of August-November, 1932, inclusive. An answer was interposed, and after a trial had upon stipulated facts the learned Special Term decided that a conditional limitation, not a condition, was created by the paragraph in the overlease referring to the lessee's bankruptcy, that the bankruptcy terminated that lease and with it the sublease to defendant, and dismissed the complaint. If volun-

tary bankruptcy immediately terminated the overlease without action on the part of the lessor, we have a conditional limitation and should affirm; if exercise of an option by the landlord was required to release the tenant, it was a matter of a condition subsequent, not a limitation, and there should be a reversal. This is the sole question before us.

We are referred in the record to many cases and to expressions of text writers. Some of them define and illustrate conditions and limitations and call attention to the rule that the courts do not favor that construction of a lease which leads to forfeiture. However, we read none of them as definitely supporting respondent's construction of this lease. . In *Schneider* v. *Springmann* (25 F. [2d] 255), dealing with a bankruptcy clause very similar to the one here under consideration, the court (on p. 256), after giving reasons why the covenant involved should be held dominantly for the benefit of the landlord — with voluntary bankruptcy in mind, as appears later in the opinion — uses this language: " Another aspect of the same reason is found in the correlative rule that a condition will not unnecessarily be interpreted so as to permit one of the parties, by his own default, to bring about his release. * * * It cannot be assumed that the lessor would have acquiesced in the acquiring by the lessee of a right by which the lessee could, at his own election, defeat all further obligations."

In the instant case (one of *voluntary* bankruptcy), if respondent's contention is to prevail, the lessee by its own default is obtaining the advantage held inequitable. (See, also, *Cohen* v. *Afro-American Realty Co.*, 58 Misc. 199.) While the court in its opinion in the *Schneider Case* (*supra*) finds an additional reason for its decision in the fact that in the lessee's covenant the word " forfeited " is used instead of " terminated," this consideration is not made essential to the conclusion reached. It is only a reason added to the ones already held to be sufficient.

The words " *ipso facto* " (" by the fact itself," " in and of itself ") should be read in conjunction with the rest of the lease. They are a part of a covenant by the lessee only. The paragraph containing them does not specify *voluntary* bankruptcy and the words do not require an interpretation which will override all circumstances and sweep aside all equities in order to accomplish a result both unfair and, as we believe, uncontemplated. In our estimation the covenant would mean the same if it read " that an adjudication that the lessee is bankrupt shall of itself be sufficient cause for the lessor's ending and terminating this lease and any rights of the lessee thereunder."

The expression " covenants and agrees " (the words of the lessee with reference to the adjudication in bankruptcy), considered with-

out their context, might suggest a bilateral agreement. However, to measure 'their meaning in a given business document, the nature of the transaction and the scope and apparent intendment of the whole writing must be considered. We are dealing here with a lease, not a deed. The lessee " covenants and agrees " and the lessor " agrees " to do various things which only the party agreeing can do, *e. g.*, the lessor " in cold weather to furnish heat for said demised premises " and the lessee " to place no showcase in the halls of said building." We, therefore, find no difficulty in concluding that when the lessee alone covenanted and agreed with reference to an adjudication in bankruptcy, the words had the unilateral signification which they had in other places in the lease. If accurate construction is a matter of difficulty, equity — in the circumstances here presented — will turn the scales both against forfeiture and against the party whose own deliberate default would otherwise redound unfairly to its profit. The case of *Matter of Outfitters' Operating Realty Co.* ([U. S. Circ. Ct. of App. Second Circuit, Feb. 13, 1934] 69 F. [2d] 90) has not escaped our attention. The inapplicability there of the principle quoted from the *Schneider Case* (*supra*) is made apparent by consideration of the statement in the lease in the *Outfitters'* case that bankruptcy or insolvency of the lessee " shall be deemed to constitute a breach of this lease, and thereupon, *ipso facto*, and *without entry or other action by the lessor*," the lease shall be terminated. The words italicized clearly point out the distinction.

We have noted that the amount of damages has not been proved or stipulated by the parties or found by the trial court. However, in the complaint it is alleged that defendant has failed to pay the agreed rental due for certain months, specifying amounts. This allegation and the allegation as to amount claimed to be due are denied generally by defendant but payment is not affirmatively alleged. This being an action to recover damages for breach of contract, the general denial raises no issue as to payment, the burden being on defendant to plead and prove payment. (*Conkling* v. *Weatherwax*, 181 N. Y. 258, 266, 269, 278.) So the defendant " is not in a position to raise such question [proof of damage]. A judgment must rest upon proof in regard to all matters which are in dispute between the parties, but the parties may themselves determine what matters are the subject of dispute and upon which proof may be required. The court having jurisdiction of the persons and of the subject-matter of the dispute passes on nothing else. Not only the express language of a stipulation or concession but the construction which the parties place upon it and their attitude at the trial must be given effect in determining the force of a stipulation or concession." (*Queck-Berner* v. *Macy*, 240 N. Y. 341, 347.)

It is quite apparent from this record that both parties understood that the amount to be found due in case the issues should be determined in favor of plaintiff was the amount mentioned in the complaint.

The judgment should be reversed on the law, with costs, and judgment ordered for plaintiff for the relief demanded in the complaint, with costs. Certain conclusions of law disapproved and reversed and new conclusions of law made.

All concur, except CROSBY, J., ·who dissents and votes for affirmance, and EDGCOMB, J., not voting.

Judgment reversed on the law, with costs, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs. Certain conclusions of law modified and reversed and new conclusions of law made.