ROSINA DEANTONIS, as Administratrix, etc., of JOSEPH DEANTONIS, Deceased, Respondent, v. JOSEPH CATALANO, Appellant.

Fourth Department, January 5, 1939.

*Harold J. Adams* [*Edmund S. Brown* of counsel], for the appellant.

*Lanza & Montesano* [*Michael J. Montesano* of counsel], for the respondent.

CUNNINGHAM, J.   Plaintiff alleges in her complaint that plaintiff's intestate was a passenger in an automobile truck owned and operated by the defendant and that through the negligence of the defendant plaintiff's intestate was caused to fall from said truck and received injuries which resulted in his death.

The defendant moved to dismiss the complaint upon the ground that the court has not jurisdiction of the subject-matter of the action.   The affidavit of defendant in support of such motion alleges that the defendant and his brother are partners, doing business under the name of " Catalano Brothers; " that they own and operate a farm in the town of Brant and also lease land in the town of Collins; that the automobile truck registered in the name of defendant was purchased with partnership funds; that plaintiff's intestate was an employee of Catalano Brothers and that his duties included the picking of peas, beans and other vegetables, and that in connection with his employment he lived in a small house on the farm of Catalano Brothers in Brant; that as part of his employment plaintiff's intestate was transported on a truck from the farm of Catalano Brothers at Brant, N. Y., to the leased premises in Collins, N. Y., and that at the time of the accident he was being transported with other employees of Catalano Brothers from the premises at Collins to the farm at Brant; that Catalano Brothers had secured the payment of compensation under the provisions of the Workmen's Compensation Law to any and all of their employees who might sustain injuries or incur disease in the course of their employment by insuring and keeping insured the payment of such compensation with the Travelers Insurance Company; that. they had " complied with all of the provisions of the Workmen's Compensation Law, bringing plaintiff's intestate within the provisions of the Workmen's Compensation Law."

The affidavit submitted upon behalf of plaintiff practically admitted everything alleged in defendant's affidavit, except the ownership of the truck, and did not " concede that Catalano Bros. by reason of the issuance of said policy complied with the Workmen's Compensation Law of the State of New York in other respects."

The defendant claims that plaintiff's exclusive remedy is under the Workmen's Compensation Law. Even though the defendant was personally responsible for his negligence while driving the truck (*Ottmann* v. *Village of Rockville Centre*, 275 N. Y. 270, 274), still, if Catalano Brothers provided compensation for their employees and proved that they had complied with all of the provisions of the Workmen's Compensation Law with respect thereto, plaintiff's remedy would be under that law.

A farm laborer is not included within the list of those engaged in a hazardous employment. (Workmen's Comp. Law, § 3, subd. 1, group 18.) However, an employer may bring an employment not listed as hazardous within the coverage of the Workmen's Compensation Law by securing compensation to his employees in accordance with the provisions of such law. In such case an employee shall be deemed to have accepted employment subject to the provisions of the Workmen's Compensation Law unless he gives notice to his employer that he elects not to be subject thereto and files a copy thereof with the Industrial Commissioner. (Workmen's Comp. Law, § 3, subd. 1, group 19.) The liability of an employer subject to the Workmen's Compensation Law " shall be exclusive." (Workmen's Comp. Law, §§ 10, 11.) Employer is defined as one " employing workmen in hazardous employments." (Workmen's Comp. Law, § 2, subd. 3.)

Defendant has failed to show that there were posted in the place of business of the firm of Catalano Brothers notices stating that the firm had secured payment of compensation to its employees. Even though a policy had been obtained by Catalano Brothers securing compensation to their employees, it was necessary that they post notices thereof in their place of business. (Workmen's Comp. Law, § 51.)

When an employer claims that he has secured compensation to employees not engaged in a hazardous occupation and that the sole remedy of an injured employee is under the Workmen's Compensation Law, he must prove that he has become subject to the provisions of the act. (*Queck-Berner* v. *Macy*, 240 N. Y. 341, 346.)

It was especially important that such notices be posted by Catalano Brothers, as plaintiff's intestate had the right to elect not to be subject to the provisions of the Workmen's Compensation Law.

In order to defeat plaintiff's right to recover in this action upon the ground that her exclusive remedy was under the Workmen's Compensation Law, it will be necessary for the defendant to show that the notices required by section 51 of the Workmen's Com-

pensation Law had been posted in Catalano Brothers' place of business. (*Sweeny* v. *Wait*, 261 N. Y. 690.)

Therefore, the order denying defendant's motion to dismiss the complaint should be affirmed, with ten dollars costs and disbursements.

All concur. Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

Order affirmed, with ten dollars costs and disbursements.