CHARLES WARNEY, Appellant, *v.* BOARD OF EDUCATION OF SCHOOL DISTRICT No. 5 OF THE TOWN OF IRONDEQUOIT et al., Respondents, et al., Defendants.

VIRGINIA WARNEY, an Infant, by CHARLES WARNEY, Her Guardian ad Litem, Appellant, *v.* BOARD OF EDUCATION OF SCHOOL DISTRICT No. 5 OF THE TOWN OF IRONDEQUOIT et al., Respondents, et al., Defendants.

Argued January 12, 1943; decided April 22, 1943.

*Charles P. Maloney* for appellants.

*Charles D. Mercer* and *John D. Sullivan* for Board of Education, respondent.

*Robert C. Winchell* for Josephine Glawe, respondent.

CONWAY, J. These are appeals from judgments of the Appellate Division reversing on the law and facts judgments for plaintiffs entered upon the verdicts of a jury and dismissing the complaints. The actions were brought by the infant plaintiff for personal injuries and by her father for loss of services. The defendants against whom judgments were obtained were the Board of Education of School District No. 5 of the Town of Irondequoit (hereinafter called the Board) and one Josephine Glawe.

At the time of the accident on January 16, 1941, the infant plaintiff (hereinafter referred to as plaintiff) was twelve years of age. She attended a school of defendant Board and was employed in the cafeteria owned and operated by it. The cafeteria was maintained under legislative sanction (Education Law, § 310, subd. 22.) The defendant Glawe was in charge of the cafeteria and supervised the work of the plaintiff. The latter received as compensation each day a fifteen-cent lunch. On the day in question she was putting dishes on the third shelf above a counter in the kitchen of the cafeteria and in order to do so was standing upon a stool some two and one-half feet in height. While so engaged, she turned in answer to a summons from one of the assistants to Mrs. Glawe and was thrown to the ground when the stool upon which she was standing toppled over, due, it was alleged, to the fact that one of its four legs was shorter than the other three. At the time of her fall she had a glass in her hand and sustained a very severe wound when the glass was broken in her fall.

Plaintiff relied upon the statutory liability of defendant Board by reason of its violation of Labor Law, section 130, in illegally employing a child of twelve years and upon the liability imposed by Education Law, section 275, subdivision 14, requiring that school furniture, apparatus and appurtenances be kept in necessary and proper repair. The jury found verdicts against the Board and the defendant Glawe.

Under the charge of the court it is not possible to determine whether the verdicts were based upon a violation of the Labor Law or of the Education Law or both. There was no claim that there was common law negligence. Defendants pleaded by way of separate defense that plaintiff had elected pursuant to section 3, group 19, of Workmen's Compensation Law to become subject to the provisions thereof and that the defendant Board had fully complied with the provisions of the act.

That defense was dismissed at the close of the entire case and we think properly so. It is true that permission had been granted by the Legislature (Workmen's Compensation Law, § 3, group 19) for an employer, including a municipal corporation such as the defendant Board, to bring a non-hazardous employment within the coverage of the act by securing compensation to employees in accordance with Workmen's Compensation Law, section 50, and that, at the time of the accident, an employee was deemed to have accepted the coverage if he did not give notice in writing to the contrary. " A minor employee shall be deemed *sui juris* for the purpose of making such an election." (§ 3, group 19.) However, section 51 provides that every employer who has complied with section 50 shall post and maintain, in a conspicuous place or places, notices *in form prescribed by the Industrial Commissioner* stating the fact that he has complied with the rules of the department and that he has secured the payment of compensation. There was no proof that the defendant Board had posted a notice in form prescribed by the Commissioner so as to cover the plaintiff. There was evidence that a notice was posted in the basement where the cafeteria was located. The notice provided: " The undersigned employer hereby gives notice that he has complied with the provisions of the Workmen's Compensation Law and the rules of the Industrial Board of the State of New York, and that he has secured the payment of compensation to his employees, and the dependents of employees, *engaged in the hazardous employments enumerated in the said law.* * * *."

Plaintiff was not engaged in a hazardous employment and such posted notice gave her no notice so as to put her to an election.

There was testimony by an official of the Department of Labor that the form of notice just quoted was commonly in use but

that he had no knowledge as to whether it had been approved by the Commissioner. Another form of notice which had been approved by the Commissioner and was in use, but not by the defendant Board, at the time of the accident was then marked for identification but excluded from evidence upon defendants' objection. It provided: " The undersigned employer hereby gives notice that he has conformed to the provisions of the Workmen's Compensation Law and the rules of the Industrial Board of the State of New York and that he has secured the payment of compensation to his employees, and the dependents of employees, *engaged in employments* enumerated in or *brought within the provisions of said law.* * * *."

In order for an employee engaged in an employment not enumerated in section 3, groups 1-17 inclusive, to be covered under Workmen's Compensation Law, section 3, group 19, there had to be at the time of the accident a joint election by employer and employee. " The election by the employer must be made through affirmative acts intended to give notice to the employees and secure approval by the Commission; the election by the employee is conclusively presumed unless by affirmative acts he gives notice not to elect. The employer asserting that the sole remedy of an injured employee is under the Workmen's Compensation Law must undoubtedly prove the joint election of employer and employee." (*Queck-Berner* v. *Macy,* 240 N. Y. 341, 346.) In order to defeat plaintiff's right to recover, on the ground that the exclusive remedy is under Workmen's Compensation Law, the defendant must show that the notices required by section 51 of the Workmen's Compensation Law were posted. (*Sweeny* v. *Wait,* 261 N. Y. 690; *Hubert* v. *Tucker,* 275 N. Y. 485.)

Where the employee's election is presumed because of failure to give notice in writing of his election not to be subject to the provisions of Workmen's Compensation Law, a strict compliance with the statute with regard to notice must, of necessity, be required. The purpose of notice is to apprise the employee that the employer has elected to carry compensation insurance and that if he does not wish to be covered he must make an election. The form of notice used here would not apprise an adult that the employer had elected to include non-hazardous occupations within his Workmen's Compensation Law coverage and this

was a non-hazardous occupation. Certainly it would not apprise a child of twelve years of that fact.

Moreover, defendant Board put in evidence policies of compensation insurance for the years 1940 and 1941. Paragraph five of each policy provided it should apply to injuries sustained " by any person or persons employed by this Employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this Policy is to be computed and adjusted." Proof was offered by plaintiff to show that on the audit of the payroll for calculation of the compensation premiums no disclosure was made by the defendant Board as to the employment of any of the children occupied as was the plaintiff. We think that proof should have been received for if the defendant Board did not cover children such as plaintiff and never intended so to do there was no election by the employer to include them. In addition, we think it would be contrary to the public policy of this State to hold that a child of twelve years, illegally employed (Labor Law, § 130; Education Law, § 629), could make an election to take compensation coverage for injuries which might be suffered by her in her illegal employment.

The defendant Board pleaded in its answer and urges upon this appeal that plaintiff was an employee within the meaning of the Workmen's Compensation Law but not within that of the Labor Law nor of the Education Law. Thus it argues: " The plaintiff Virginia Warney, was an employee of the School District rendering assistance in return for a free meal in the cafeteria." It urges, however, that the Legislature in enacting the Labor Law and the Education Law did not contemplate a situation such as is here presented but rather a more commercial one. We do not think that it may reasonably be said that the Legislature had in mind that rather fine distinction. The Legislature used very broad words in forbidding employment of children both in the Labor Law and the Education Law. Thus in Labor Law, section 130, it provided:

" 1. No child under sixteen years of age, * * * shall be employed in or in connection with or for any * * * restaurant, * * *.

" 2. No child under sixteen years of age, * * * shall be employed in or in connection with or for any other trade, business or *service*." (Italics supplied.)

In Education Law, section 629, it provided: " A. It shall be unlawful * * * to employ in any business or *service* (1) a minor under 16 years of age * * *." (Italics supplied.) There are exceptions which are not here material. The plaintiff was *employed* in the cafeteria of the school according to defendant Board's own contention. Whether or not a school cafeteria is a restaurant within Labor Law, section 130, subdivision 1, and that is questioned in the briefs, is immaterial. It is a " service " of some kind within the contemplation of Labor Law, section 130, subdivision 2, and of Education Law, section 629. Moreover, Education Law, section 310, subdivision 22, permitted the defendant Board to " provide, maintain and operate a cafteria or restaurant *service* " so long as it was self-supporting. Can anything be more commercial than making a project self-supporting?

Thus plaintiff has a statutory remedy for the negligence of the defendant Board. Violation of the Labor Law is *per se* evidence of negligence on which a jury may find an employer liable for injuries suffered by his employee. (*Koester* v. *Rochester Candy Works,* 194 N. Y. 92; *Amberg* v. *Kinley,* 214 N. Y. 531, 538; *Karpeles* v. *Heine,* 227 N. Y. 74, 79, 83.) That was one of the theories upon which the case was properly submitted to the jury. The other was based on a violation of the Education Law.

In each action, the judgments should be reversed and a new trial granted with costs to the appellant to abide the event.

LOUGHRAN, FINCH, RIPPEY and LEWIS, JJ., concur; LEHMAN, Ch. J. and DESMOND, JJ., concur in the result in the following memorandum: Section 130 of the Labor Law is directed against various evils not found in connection with lunch-time employment of children in a school cafeteria; the statute should not be so construed as to forbid such employment.

Judgments reversed, etc.