HERBERT A. EDWARDS et al., Respondents, v. STEUBEN OIL COMPANY, INC., Appellant.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. [See *ante,* p. 939.] Present — Cunningham, P. J., Taylor, Harris and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CITY OF BUFFALO, Respondent, against ISIDORE J. MAZUROWSKI et al., as Assessors of the Town of Cheektowaga, Erie County, Appellants.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. [See *ante,* p. 941.] Present — Cunningham, P. J., Taylor, Dowling and Harris, JJ.

## (May 10, 1944.)

EDWARD VESPA, an Infant, by LENA VESPA, His Guardian ad Litem, Appellant, v. HERALD COMPANY, Respondent.— Judgment and order reversed on the law, with costs to the appellant to abide the event, and motion denied without costs. Memorandum: We think that the premises 300 Carbon Street, as used by the defendant, constituted a place of business under section 51 of the Workmen's Compensation Law. (*Stephenson* v. *Primrose,* 8 Port. [Ala.] 155; *Life & Casualty Co.* v. *U. C. C.,* 178 Va. 46; *The Bank of Columbia* v. *Lawrence,* 1 Pet. 578.) The case of *Greenburgh* v. *Westchester Lighting Co.* (217 App. Div. 263, affd. 245 N. Y. 637) is not in conflict with the holdings in the cases cited. We think that the amendments to section 51, enacted subsequent to the date of the accident in this case, are not retroactive as claimed by the defendant. (*Warney* v. *Board of Education,* 290 N. Y. 329.) The defendant had the burden of proving that it had posted in its places of business the notices required to be posted by section 51. (*De Antonis* v. *Catalano,* 256 App. Div. 10.) There is no proof here that such notices were posted, as required by section 51, in the defendant's main place of business. The defendant's moving affidavit merely states "the defendant did not post any notices at the premises at 300 Carbon Street; it did, however, post the prescribed notices in conspicuous places at its place of business at 220 Herald Place". Copies of the notices were not set forth in or attached to the moving papers and the " conspicuous places " in the defendant's place of business where such notices are claimed to have been posted are not stated. The plaintiff admitted that the defendant carried compensation insurance but the plaintiff did not admit that the notices required by section 51 had been posted by the defendant in its main place of business as claimed. This being the fact, the defendant has failed to carry the burden imposed upon it. The parties agree that the question as to whether or not the infant plaintiff was an employee of the defendant is not involved on this appeal. All concur, except Larkin, J., not voting. (The judgment dismisses the complaint in an action for damages for personal injuries sustained by plaintiff by reason of his having been struck by falling glass from a door on premises used by defendant as a distributing center for its newspapers at which place plaintiff was present as a carrier boy in defendant's employ.) Present — Cunningham, P. J., Taylor, Dowling, Harris, and Larkin, JJ.