THOMAS MURPHY, an Infant, by GARRETT T. MURPHY, His Guardian ad Litem, et al., Plaintiffs, v. ELMWOOD COUNTRY CLUB, INC., et al., Defendants.

Supreme Court, Westchester County, October 16, 1944.

*William F. O'Rourke,* for Elmwood Country Club, Inc., defendant.

*William Scott, 2nd,* for plaintiffs.

PATTERSON, J. The corporate defendant moves for summary judgment dismissing the complaint as against it on the ground that the affirmative defense contained in its answer is sufficient as a matter of law to defeat the cause of action contained in the complaint. The plaintiffs by cross motion move to strike out said affirmative defense on the ground that it is insufficient in law upon its face.

The infant plaintiff, a boy of eleven years of age, while working as a caddy on the corporate defendant's golf course was struck under the left eye by a golf ball driven by the individual defendant Leder. This action is brought, on the theory of negligence, by the infant to recover for personal injuries and by the infant's father to recover for medical expenses and loss of services. The negligence charged against the corporate defendant is that it employed the infant plaintiff in violation of the prohibitions of the Labor Law in hiring said infant plaintiff as a caddy without having any employment certificate or vacation work permit.

The corporate defendant interposes an affirmative defense setting forth in brief that at the time of the accident it had insured its liability to all employees under a policy of workmen's compensation insurance issued by the State Insurance Fund, which was in full force and effect, and that the infant plaintiff's exclusive remedy is the filing of a claim for compensation benefits under the Workmen's Compensation Law.

Prior to answering, the corporate defendant made a motion to dismiss the complaint for insufficiency under subdivision 5 of rule 106 of the Rules of Civil Practice, which motion was denied. From the decision of Mr. Justice COYNE on that motion, however, it appears that the denial was based upon the fact that caddying is not one of the hazardous employments enumerated in groups 1 through 17 of subdivision 1 of section 3 of the Workmen's Compensation Law which make it mandatory for an employer to secure compensation, but is a nonhazardous employment as to which the securing of compensation by an employer is discretionary. In such case, Mr. Justice COYNE held that the employer has the burden of pleading and proving that it had brought itself within the coverage of the Workmen's Compensation Act. After the decision on that motion, the corporate defendant thereupon served its answer containing the affirmative defense above referred to.

That the corporate defendant did, in fact, have a compensation policy at the time of the accident as alleged in its answer and that it was in force at the time of the accident does not

appear to be disputed. Plaintiff, however, does dispute that notices were properly posted by the corporate defendant pursuant to section 51 of the Workmen's Compensation Act, and if the proper posting of such notices is material herein I would have to hold that a triable issue is raised which would require denial of defendant's motion.

In *Warney* v. *Board of Education* (290 N. Y. 329) the infant plaintiff was injured on January 16, 1941. At that time the first two paragraphs of group 19 of subdivision 1 of Section 3 of the Workmen's Compensation Law read as follows:

" GROUP 19. An employer may bring an employment that is not listed in this section within the coverage of this chapter by securing compensation to his employee or employees engaged in such employment in accordance with section fifty of this chapter.

" Any employee in the service of such employer shall be deemed to have accepted, and shall be subject to the provisions of this chapter, and any act amendatory thereof, if at the time of the accident for which liability is claimed the employee shall not at the time of entering into his contract of hire have given to his employer notice in writing that he elects not to be subject to the provisions of this chapter and filed a copy thereof with the commissioner, or in the event that such contract of hire was made in advance of election of the employer, such employee shall not have given to his employer and filed with the commissioner, within twenty days after such election, notice in writing that he elects not to be subject to such provisions. A minor employee shall be deemed sui juris for the purpose of making such an election."

At that time section 51 of said law required every employer securing compensation to his employees to post and maintain in a conspicuous place or places in and about his place or places of business notices of compliance with all rules and regulations of the Department and of the securing of the compensation to his employees.

The *Warney* case (*supra*) held that with respect to a nonhazardous employment, under the statute as it then read, an employer could not bring itself within the coverage of the Act unless it strictly complied with the requirements of section 51 relating to the posting of notices. The principle involved was that the presumption of election to be covered, arising from the failure of the nonhazardous employee to give the notice required under the second paragraph of group 19, would not become operative unless such employee was apprised of the

employer's election to obtain coverage through the employer's strict compliance with the requirements of the statute as to the giving of notice. At page 334, the Court of Appeals held as follows:

" In order for an employee engaged in an employment not enumerated in section 3, groups 1–17 inclusive, to be covered under Workmen's Compensation Law, section 3, group 19, there had to be at the time of the accident a joint election by employer and employee. ' The election by the employer must be made through affirmative acts intended to give notice to the employees and secure approval by the commission; the election by the employee is conclusively presumed unless by affirmative acts he gives notice not to elect. The employer asserting that the sole remedy of an injured employee is under the Workmen's Compensation Law must undoubtedly prove the joint election of employer and employee.' (*Queck-Berner* v. *Macy*, 240 N. Y. 341, 346.) In order to defeat plaintiff's right to recover, on the ground that the exclusive remedy is under Workmen's Compensation Law, the defendant must show that the notices required by section 51 of the Workmen's Compensation Law were posted. (*Sweeney* v. *Wait*, 261 N. Y. 690; *Hubert* v. *Tucker*, 275 N. Y. 485.)

" Where the employee's election is presumed because of failure to give notice in writing of his election not to be subject to the provisions of the Workmen's Compensation Law, a strict compliance with the statute with regard to notice must, of necessity, be required. The purpose of notice is to apprise the employee that the employer is elected to carry compensation insurance and that if he does not wish to be covered he must make an election. The form of notice used here would not apprise an adult that the employer had elected to include non-hazardous occupations within his Workmen's Compensation Law coverage and this was a non-hazardous occupation. Certainly it would not apprise a child of twelve years of that fact."

After the accident involved in the *Warney* case (*supra*), however, two significant changes were made to the statute involved on that determination. These changes antedated the accident in the instant case.

Group 19 was amended by the deletion of the above-quoted second paragraph thereof so that the only remaining part of said clause insofar as it affects nonhazardous employment reads as follows: " Group 19. An employer may bring an employment that is not listed in this section within the cover-

age of this chapter by securing compensation to his employee or employees engaged in such employment in accordance with section fifty of this chapter.''

By this amendment all rights theretofore granted to non-hazardous employees to elect not to be covered by workmen's compensation secured by their employer appear to have been abrogated. As a nonhazardous employee no longer has the right to elect not to be covered, the significance of notice, insofar as it was designed to apprise him of the necessity for election within the ruling of the *Warney* case (*supra*), appears to have been lost. That this is true is further borne out by the fact that section 51 of the Workmen's Compensation Act after the accident in the *Warney* case was amended by chapter 373 of the Laws of 1941 by the addition of the following words at the end of the sentence requiring the posting of notice, '' but failure to post such notice as herein provided shall not in any way affect the exclusiveness of the remedy provided for by section eleven of this chapter ''.

The effect of these amendments therefore, in my opinion, was to place a nonhazardous employee of an employer who has secured compensation in the same position as a hazardous employee with respect to the exclusiveness of compensation benefits, and I therefore hold that whether defendant complied with section 51 relating to the posting of notice is immaterial on the issue of whether compensation coverage extended to the infant plaintiff.

The next question to be determined is whether the fact that the infant plaintiff was hired in direct violation of section 130 of the Labor Law affords to him a remedy against the corporate defendant apart from that granted under the Workmen's Compensation Law.

Section 11 of the Workmen's Compensation Law, in brief, provides that the liability of an employer who has secured compensation to his employee shall be exclusively that prescribed under the statute and in place of any other liability whatsoever.

Despite this, prior to the determination by the Court of Appeals in *Noreen* v. *Vogel & Bros., Inc.* (231 N. Y. 317) there were some cases holding that the employment of a minor in violation of the Labor Law was a tort in itself creating a liability for illegal employment, separate and apart from that afforded by the Workmen's Compensation Act (see *Wolff* v. *Fulton Bag & Cotton Mills,* 185 App. Div. 436). The *Noreen* decision, however, resolved that conflict, and held that in such

case the employer's liability under the Workmen's Compensation Act was exclusive where compensation had been secured. (See, also, *Decker* v. *Pouvailsmith Corp.*, 207 App. Div. 853; *Taswell* v. *General Matt Co.*, 30 N. Y. S. 2d 145.)

Counsel for the infant plaintiff, however, argues that the following language of the Court of Appeals in *Warney* v. *Board of Education* (290 N. Y. 329, 335, *supra*) is impliedly tantamount to an overruling of the holding in the *Noreen* case (*supra*). " In addition, we think it would be contrary to the public policy of this State to hold that a child of twelve years, illegally employed (Labor Law, § 130; Education Law, § 629), could make an election to take compensation coverage for injuries which might be suffered by her in her illegal employment."

I do not construe this statement as overruling the *Noreen* case (*supra*). This pronouncement by the Court of Appeals merely held that where the statute granted the privilege of election to the employee, it was against the public policy of the State to deem a twelve-year old infant capable of exercising it. There was no right of election involved in the *Noreen* case as it involved a hazardous employment where coverage was compulsory. In my opinion, the decision in the *Warney* case (*supra*) presupposed that had the employment been hazardous, as was true in the *Noreen* case, there would have been no problem and the plaintiff therein would have been limited to her right to compensation under the Workmen's Compensation Act.

Since the decision in the *Warney* case (*supra*), the statute has been amended to abrogate the employee's right of election in nonhazardous employments where the employer has obtained coverage. The quoted language in the *Warney* case because of the subsequent change in the statute, therefore, now appears to have become academic.

Once the corporate defendant elected to secure compensation, the coverage became compulsory over all of its employees including the infant plaintiff, and hence the rule of the *Noreen* case (*supra*) rather than that of the *Warney* case (*supra*). applies.

*Matter of Swihura* v. *Horowitz* (242 N. Y. 523) and *Matter of Clarke* v. *Town of Russia* (283 N. Y. 272) are not in my opinion analogous. The latter involved the attempted employment by the town superintendent of highways of a member of the town board wherein it was held that the contract was not merely voidable but void. The former involved a situation

where the purpose of the employment was the violation of the Prohibition Law and as such the employment itself was held to be illegal. The courts have distinguished between void and merely voidable contracts. In *People* v. *Taylor* (192 N. Y. 398, 400), the court in construing the prohibitions of the Labor Law against the employment · of minors stated as follows: " Said section of the Labor Law is a police regulation intended for the protection of the public health. A violation of its provisions is not *malum in se,* but *malum prohibitum.* Such a prohibitive statute should be strictly construed. (*People* v. *Werner,* 174 N. Y. 132.)"

It may also be noted that section 14-a of the Workmen's Compensation Law entitled " *Double compensation and death benefits for minors illegally employed* " affords special remedies under the Act to this class of persons. This confirms my opinion that the. Legislature did not intend to limit the exclusiveness of the remedies afforded under the Workmen's Compensation Act to adults, or to minors with work permits.

One further argument is advanced by plaintiffs that a triable issue exists. In the *Warney* case (*supra,* p. 335), each policy provided it should apply to injuries sustained " by any person or persons employed by this Employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this Policy is to be computed and adjusted." The Court of Appeals held that proof offered to show that no disclosure was made by the employer as to the employment of children on the audit of payroll for calculation of compensation premiums was erroneously excluded by the trial court.

This holding, however, appears to have been based upon the fact that the specific wording of the policies limited coverage to employees whose remuneration was included in the computation and adjustment of premium. No similar provision is contained in the policy involved in the instant case. There appears to be no interdependency between the provisions for coverage and the computation of premiums. I believe, therefore, that the situation in the *Warney* case (*supra*) in this respect is not analogous. Furthermore, the policy herein appears to have been a new policy issued as of July 1, 1943, for a period of twelve months. On the date of the accident it had not yet been in operation for a year. By its terms the earned premium was subject to audit at the end of the term. The time for the disclosure of remuneration paid the infant

plaintiff for determination of earned premium had not therefore arrived at the time of the accident.

The corporate defendant's motion for summary judgment dismissing the complaint as against it, is therefore granted, and severance of the action as to said defendant is therefore directed. Plaintiffs' cross motion to strike out the affirmative defense contained in said defendant's answer must accordingly be denied.