ROGER LUDWIG, by His Guardian ad Litem, SUSAN KAZMIERSKI, Respondent, *v.* HERMAN LOWE, JR., Appellant.

SUSAN KAZMIERSKI, as Administratrix of the Estate of RUTH LUDWIG, Deceased, Respondent, *v.* HERMAN LOWE, JR., Appellant.

Fourth Department, February 22, 1968.

*Bond, Schoeneck & King (James E. Wilber* of counsel), for appellant.

*Langan, Grossman, Kinney & Dwyer (John P. Kinney* of counsel), for respondents.

GOLDMAN, J. Defendant appeals from an order directing a verdict in favor of the plaintiff and from an order setting aside a jury verdict for the plaintiff as inadequate and directing a new trial on the issue of damages only. The infant plaintiff founded his action on common-law negligence and also on a violation of the Labor Law. The court properly dismissed the complaint as to the common-law negligence at the close of the evidence but directed the verdict for the plaintiff on the ground that section 146 of the Labor Law had been violated by the defendant. It was error to have directed the verdict.

The infant plaintiff was 13 years of age at the time of the accident. The injury, which resulted in a loss of an eye, occurred while the infant was assisting the defendant, his half brother, in the construction of a house which the defendant was building for himself. On six prior occasions the infant had performed various labor and, on the day of the accident, was taken to the place of construction by the defendant. The defendant had given the infant a hammer and nails and instructed the infant to hammer down the nails at a point about six feet away from where the defendant was working. The accident occurred when the infant hit a nail which flew up and struck him in his left eye. The evidence demonstrated that the infant was paid nothing for his services. He testified that he offered his services in helping out and that other members of the family also performed services without compensation.

Subdivision 2 of section 146 of the Labor Law (repealed by L. 1962, ch. 582, § 1, eff. October 1, 1962, now covered by § 133),

under which the trial court found there was liability, provides that "No child under the age of sixteen years shall be employed in or assist in: * * * the erection * * * of a building". Appellant argues that the only sensible construction of this language is to supply the following underlined words—"no child * * * shall be employed in or employed to assist in" the erection of a building. In other words, there must be an employment in the usual sense of that term or the statute is inapplicable. It is further noted by appellant that originally section 146 read: "shall be employed or permitted to work" (L. 1909, ch. 36, § 93) and that the words "permitted to work" were dropped in favor of "or assist in". The literal meaning of "assist in" could not have been intended, argues appellant, because then no activity could be carried on under any circumstances where a child might assist members of his family or a relative in erecting a building. The words "or assist in" set up another classification and our problem is whether the Legislature intended to proscribe either employment of minors in the erection of a building or the situation where minors were not employed, in accordance with that term's usual connotation, but nonetheless assisted on the job or project. We must take the meaning of "employed", as defined in subdivision 7 of section 2 of the Labor Law and determine that the statute means that no child shall be employed, permitted or suffered to work in the erection of a building.

There seem to be only two cases in this State which bear on this subject. In *Bernal* v. *Baptist Fresh Air Home Soc.* (275 App. Div. 88, affd. 300 N. Y. 486) a young girl was a camper at a Summer camp operated by a charitable organization and was drying dishes when she lost her balance and was injured. Section 130 of the Labor Law provided that no child under 16 shall be employed in or in connection with or for any trade, business or service. The trial court erroneously charged that it was for the jury to decide whether the infant was an employee within the meaning of section 130 of the Labor Law and also section 3215 of the Education Law, the latter prohibiting employment of a child under 16 in any business or service. It was held that the trial court should have determined as a matter of law that the infant was not an employee. This case turned on the fact that the defendant was a charitable organization operating a free camp.

In *Warney* v. *Board of Educ. of School Dist. No. 5* (290 N. Y. 329) the infant plaintiff, a 12-year-old girl, was injured while working in the cafeteria of a school which she attended. She received a 15-cent lunch each day in exchange for her

services. The Court of Appeals held that she was employed in violation of section 130 of the Labor Law and of section 629 of the Education Law (now § 3215) because the Board of Education was maintaining a service and also because the commercial aspect of the service was clear in that it was self supporting.

An out-of-State case, *Swift* v. *Wimberly* (51 Tenn. App. 532), interprets the following language: '' No minor under sixteen years of age shall be employed, permitted or suffered to work ''. In that case, a 14-year-old boy was permitted to help assemble some go-carts that were to be placed in operation on a track operated by defendant, under promise of a regular job if the work were satisfactory. After he had finished assembling a go-cart and was standing in the bumper, adjusting a carburetor with the go-cart rolling slowly, his leg was caught in an open metal gear and he was severely injured. Plaintiff conceded that the plaintiff had never been employed by defendant but the court held that the mere permitting or suffering of plaintiff to work constituted a violation of the Child Labor statute even though the plaintiff was never formally employed. Defendant was engaged in a commercial operation as distinguished from the personal and private nature of the work carried on by defendant in the case at bar. It is also true that plaintiff's labor in *Swift* v. *Wimberly* (*supra*) was being used so that the defendant saved money by using unpaid labor. This was a commercial enterprise and promise of a job in the future was significant. The whole thrust of the Child Labor Law is to prevent the type of accident which occurred because of the combination of dangerous work and inexperience as a result of age (31 Am. Jur., Labor, § 772, p. 958). The Child Labor Law is a remedial statute and provides remedies for infants employed in violation thereof and should be liberally construed (43 C. J. S., Infants, § 12, p. 65).

It is the lack of the commercial aspect of the defendant's activity herein which in our view takes this case outside the purview of the Labor Law. We can reconcile all other problems other than the fact that the defendant was not engaged in any commerical endeavor. Child labor legislation contemplates only those activities in which children are used for profit. This view is supported by the Sixteenth National Conference on Labor Legislation (1949) where the Committee on Child Labor outlined what it considered the minimum standards of a sound legislative program and included among those standards the following: '' (1) Application of child-labor laws to employment in all *gainful* occupations including employment

271

in agriculture ' except for work on the child's home farm'.''
(Emphasis supplied.) (The Employment Relation and the
Law, edited by Benjamin Aaron, Institute of Industrial
Relations, University of California, Los Angeles, p. 173.)

In our view, the child labor legislation encompasses only
those activities incidental to a business or commerical estab-
lishment and not those carried on by a relative out of a sense
of family loyalty. This state of the law deprives this unfor-
tunate infant from recovering under the circumstances we find
in this record.

The order setting aside the jury verdict as inadequate and
granting a new trial on the issue of damages only and the
jury verdict for the plaintiff should be reversed and the
complaint dismissed.

There being no liability on the part of the defendant under
the Labor Law, the judgment in the derivative action of Susan
Kazmierski, administratrix of the estate of Ruth Ludwig v.
Herman Lowe, Jr. should be reversed and the complaint
dismissed, without costs.

WILLIAMS, P. J., BASTOW, HENRY and DEL VECCHIO, JJ., concur.

Order, in first above-entitled action unanimously reversed on
the law and facts and complaint dismissed, without costs.

Judgment, in second above-entitled action unanimously
reversed on the law and facts and complaint dismissed, without
costs.