HON. PHILIP ROSS Industrial Commissioner, Department of Labor
This is in response to your inquiry of September 9, 1976, wherein you request my opinion as to whether or not a minor serving as a volunteer with a volunteer ambulance service organization would be in violation of Labor Law § 133 (2) (r), which provides:
 "No minor of any age shall be employed in or assist in:
* * *
"r. as a helper on a motor vehicle."
You state in your letter that the minors herein are working for a volunteer ambulance service organization, and this opinion is confined to that factual situation. A volunteer ambulance service organization is established pursuant to Article 30 of Public Health Law. Such organization is defined in Public Health Law §3001 (3) as follows:
 "3. `Voluntary ambulance service' means an ambulance service (i) operating not for pecuniary profit or financial gain, and (ii) no part of the assets or income of which is distributable to, or enures to the benefit of, its members, directors or officers except to the extent permitted under this article."
A crucial issue presented in your inquiry is whether or not there is an employment relationship. The term "employed" is defined in Labor Law § 2 (7) as "including, permitted or suffered to work." Subdivision 5 of section 2 of the Labor Law defines "employee" as a "mechanic, workingman, a laborer working for another for hire." Where the employment situation violates statutory prohibitions of the Labor Law, the fact that the employee worked without compensation is not defense (Labor Law § 3). However, there must be an employment relationship of employer and employee before the Labor Law is applicable (Bernal v. Baptist Fresh Air HomeSociety, 275 App. Div. 88 [1st Dept. 1949], affd. 300 N.Y. 486).
The Bernal case dealt with former section 130 of the Labor Law which provided that no child under the age of 16 should be employed in or in connection with any trade, business or service. The definition of "employed" was the same as it is now under Labor Law § 2 (7). The Appellate Division, commenting on the words "employer" and "employee", stated (275 App. Div., p. 95):
 "They denote a contractual relation, not a mere casual voluntary rendition * * *."
That Court concluded as follows (p. 96):
 "In this case there was no contract of hire or master and servant relationship between plaintiff and defendant; conducting the camp was not a business or an enterprise of a commercial character self-supporting and available to the general public * * * and the attendance here * * * was purely voluntary."
The Courts, in the above case, were dealing with a fact situation wherein a minor was doing chores for a charitable camp for the summer and was doing odd jobs such as serving meals, setting tables, washing and drying dishes and generally helping around the camp. The Courts held that there was no employer and employee relationship, and thus no violation of the Labor Law. The fact that the child worked for a charitable, not-for-profit organization which received its funding from voluntary contributions and the fact that no one else was paid, also appears to be of persuasive basis for the holding therein.
In Ludwig v. Lowe (29 A.D.2d 267 [4th Dept. 1968], affd.25 N.Y.2d 853), the Court interpreted the words "or assist in", which were inserted in the present statute in place of "permitted to work." The Appellate Division stated (p. 269) "[w]e must take the meaning of `employed', as defined in subdivision 7 of section 2
of the Labor Law and determine that the statute means that no child shall be employed, permitted or suffered to work in the erection of a building."
In the Ludwig case, the minor plaintiff was helping his half-brother, the defendant, construct a house, which plaintiff had been assisting him in doing on six or more occasions and for which he was not paid. The Court stated (29 A.D.2d 267, 270-271):
 "It is the lack of the commercial aspect of the defendant's activity herein which in our view takes this case outside the purview of the Labor Law. * * * the defendant was not engaged in any commercial endeavor. Child labor legislation contemplates only those activities in which children are used for profit. * * *
 "* * * the child labor legislation encompasses only those activities incidental to a business or commercial establishment * * *." (Emphasis supplied.)
I am also not unmindful of Warney v. Board of Education
(290 N.Y. 329 [1943]), wherein a girl of 12 was injured while working in a cafeteria of defendant's school. The girl was receiving a free lunch and the Court based its holding that the girl fell within the purview of the Labor Law on the basis she was employed in the cafeteria. Education Law § 629 provided at that time that it would be unlawful to employ a minor in any business or service. The Court based its holding that the minor was employed in the cafeteria on the provisions of Education Law § 310, which permitted the school to maintain and operate a cafeteria or restaurant service so long as it was self-supporting. The Court found that the cafeteria had to be commercial because the project was self-supporting. It should also be noted that the child was receiving free lunches worth fifteen cents per day.
The Court also distinguished the Bernal case (275 App. Div., p. 94):
 "Here defendant does not admit but absolutely denies any employment and no relation of employer and employee existed; here, too, the project was not self-supporting but supported by outside charitable contributions * * * no payments were made by guest campers and the chores performed by plaintiff were reciprocated by other campers in the same age group for the benefit, not of the charity, but of the community. Further, in the Warney case at the time of the accident the infant was twelve years of age and the prohibition was absolute as the statutory exceptions permitting employment of a minor who is at least fourteen years were not applicable. * * *"
Public Health Law § 3001 (3) states that a voluntary ambulance service organization may not be operated for pecuniary profit or financial gain. This type of organization is established for non-business charitable purposes, and is one of the few organizations specifically exempted from registering with the Department of Social Welfare prior to soliciting funds from the public (Social Services Law § 482-a [2] [f]).
In order to fall within the ambit of the proscriptions of Labor Law § 133 (2) (r) there must be an employment relationship. The cases cited herein indicate that the employer must be carrying on a commercial and business enterprise and must be using the minors for profit, and that there must be a master-servant relationship with a contract for hire. In this case, the minors are assumed to be acting as volunteers and not to have a contract for hire and the organization is not using their services for profit. The organization is a charitable one performing functions for the community, which depends on its subsistence not from payments by persons using the services, but from contributions from the public. Consequently, on these facts, in my opinion it will not be subject to the restrictions or requirements of the Labor Law in utilizing the services of minors as volunteer aides on its ambulances.
However, it is necessary to call to your attention that although no violation of the Labor Law may be involved herein, there could be a violation of the provisions of the Education Law § 3231-a if a minor under the age of 16 years is used as a volunteer helper on the organization ambulances referred to herein. This section of the law declares it to be a misdemeanor,
 "for any person to employ, use or exhibit any child under 16 — (d) in any — place dangerous, or injurious to life, limb, health or morals of such child". (Emphasis supplied.)
It is conceivable that using a volunteer minor under 16 years of age as a helper or attendant on an ambulance would be considered as potentially dangerous or injurious to the life, limb and health of such a minor by the State or local education authorities and by the Courts so as to warrant a prosecution for a violation of Education Law § 3231-a. In this connection, I might refer you to the case of Jones v. Hawkes AmbulanceService, 35 A.D.2d 855 (3d Dept., 1970), where a minor while serving as an attendant on an ambulance was attacked by a violent patient, thrown out of the ambulance and killed as a result thereof. Obviously, in the cited case the minor was exposed to a definite danger which proved to be fatal to him.
Manifestly, a minor over the age of 16 appears not to be covered by the protective provisions of the Education Law § 3231-a and, therefore, it is my further opinion, that such an individual may serve as a volunteer with a volunteer ambulance service organization established pursuant to Article 30 of the Public Health Law. I also call your attention to the provisions of Education Law §§ 3205 (3) and 3206(1) regarding school attendance of minors over 16 and which may apply in some school districts and would there have to be complied with.