### In re NILAND.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

1. MUNICIPAL CORPORATIONS—CONTRACTS—POWERS—NOTICE.

Persons dealing with a municipal corporation, whose powers are defined and limited by law, are bound to take notice of such limitations.

2. HIGHWAYS—CONSTRUCTION—CONTRACTS.

Highway Law, Laws 1890, pp. 1193–1197, c. 568, art. 4, provides for the laying out, altering, and discontinuing of highways; sections 80 to 97 providing the proceedings. Section 93 especially provides the method of paying damages and costs where a highway is laid out under the provisions of the statute, and section 98 declares that the final determination of commissioners appointed by the court relating to the laying out of a highway and all orders shall be filed and recorded in the town clerk's office, and that such orders and decisions shall be carried out by the commissioner of highways of the town. *Held* that, where commissioners appointed to view the locality of a proposed highway reported in favor thereof, and that the probable cost would be $1,000, which report was duly confirmed, the sole highway commissioner of the town was not authorized by section 98 to contract for the construction of such highway at an expense of $6,000, for the payment of which there was no provision in the statute, and for which no means had been provided by the town.

Certiorari by Martin Niland to review an order of John W. Bowron, supervisor, and others, constituting the board of auditors of the town

of New Castle, disallowing petitioner's claims for services in performance of a road construction contract. Writ dismissed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Pierre Reynolds, for appellant.

Joseph E. Merriam, for respondents.

WOODWARD, J. Aaron Lewis, a taxpayer of the town of New Castle, on the 19th day of July, 1902, presented a petition to the County Court of Westchester county, under the provisions of the highway law, praying for the appointment of three commissioners to determine upon the necessity of laying out a road in the town of New Castle, pursuant to the terms of said petition. The commissioners were duly appointed, and, upon viewing the locality and hearing the evidence, reported in favor of the roadway, and that the probable cost would be about $1,000. This report was duly confirmed, and David L. Barnam, as sole highway commissioner of the town, claiming to act under the authority of section 98 of the Highway Law, Laws 1890, p. 1197, c. 568, entered into a contract with the relator, under the provisions of which the relator has constructed a permanent roadway at a cost of $6,000, with some extra work. The town board at meetings held subsequent to the making of this contract took action, apparently with the intention of giving sanction to the same, but at a subsequent date, when the relator's bill was offered for audit, the board of town auditors rejected the same, and this proceeding is brought to review the action of the board in thus rejecting the claim.

The law is well established that persons dealing with municipal corporations, whose powers are defined and limited by law, are bound to take notice of these limitations; and if the relator has entered into a contract for the performance of work which is not authorized by law, or by the proceedings which have been taken, he is in no position to insist upon the audit of his bill. Article 4 of the highway law provides for "laying out, altering and discontinuing highways, and laying out private roads." Sections 80 to 97, both inclusive, provide the proceedings, and section 93 specially provides the method of paying the damages and costs where a highway is laid out under the provisions of the statute. Section 98 then provides that:

"The final determination of commissioners appointed by any court, relating to the laying out, altering or discontinuing a highway, and all orders and other papers filed or entered in the proceedings, or certified copies thereof from the court where such determination, order and papers are filed and entered, shall be forthwith filed and recorded in the town clerk's office of the town where the highway is located; and every such decision shall be carried out by the commissioners of highways of the town, the same as if they had made an order to that effect."

Where is the authority to be found in this provision in reference to the laying out of a new highway for the construction of an expensive roadway, for which the town has provided no means of payment, and for the payment of which there is no provision in the statute? The fair and only reasonable construction of this language, it seems to us, is that the highway commissioners are to take the steps necessary to

lay out the highway as defined in the petition, not that they are given an unlimited discretion to macadamize or pave a newly opened highway; and, as this is the only pretended authority for the contract which the relator has made and performed for the sole commissioner of highways of the town, we are clearly of opinion that he is not entitled to the relief which he seeks on this review. Nor is there any authority on the part of the town board to authorize the construction of this expensive piece of highway work, in so far as our attention is called to the statute, and, as neither the commissioner nor the town board had any authority to make the contract in the first instance, the alleged ratification of the town board could not give force to the contract; the law being well settled that, when the act done is ultra vires, it is void, and there can be no ratification, and when the mode of contracting is limited and provided for by statute, an implied contract cannot be raised. Kramnath v. City of Albany, 127 N. Y. 575, 582, 28 N. E. 400.

We have examined the authorities to which our attention is called by the relator, but they do not appear to bear out his contentions, and we are of opinion that the board of auditors of the town of New Castle were justified in refusing to audit the relator's claim.

The writ of certiorari should be dismissed, with costs. All concur.