In the Matter of the Application of MARTIN NILAND, Appellant, for a Writ of Certiorari against JOHN W. BOWRON et al., Constituting the Board of Auditors of the Town of New Castle, Respondents.

1. GENERAL POWERS OF HIGHWAY COMMISSIONER. A highway commissioner has no power to expend town money or impose liability upon a town except by direct statutory authority. He has no power to bind a town by his contracts, and a person dealing with a commissioner is chargeable with knowledge of this limitation on his authority.

2. POWER OF COMMISSIONER UNDER CHAPTER XIX, GENERAL LAWS. The Highway Law (Ch. XIX, General Laws) does not confer authority upon a commissioner to pledge the credit of a town for the opening and construction of a road.

3. LIMITATION ON POWERS OF TOWN BOARD. A town board had no power previous to the enactment of chapter 396 of the Laws of 1902 to enter into a contract in relation to highways calling for the expenditure of more money than was raised by taxation, except in emergencies, and hence could not ratify an invalid agreement made by the commissioner.

*Matter of Niland* v. *Bowron,* 113 App. Div. 661, affirmed.

(Argued September 28, 1908; decided October 20, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial deparment, entered July 13, 1906, which dismissed a writ of certiorari brought to review the determination of the board of auditors of the town of New Castle in rejecting a bill presented by the relator for the building of a road in such town.

In March, 1902, a petition was presented to the County Court of Westchester county, by a taxpayer of the town of New Castle in that county, praying for the appointment of a commission to determine the necessity for a new highway in that town, pursuant to the provisions of the former Highway Law (L. 1890, ch. 568, §§ 83, 84–98). A commission was appointed and a decision rendered in favor of the necessity of the proposed highway, the estimated probable cost of which was reported at $1,000.

Thereafter, one Barnum, who was then highway commissioner of the town of New Castle, assuming to act under the provisions of section 98 of the Highway Law then in force, entered into a contract with the relator Niland for the construction of the road for $6,000. This amount was later increased by a contract for extra work. Upon the completion of the road the relator presented his bill, amounting to $6,580, to the board of town auditors. Payment was not made, as the town board had objected to the contract under which the road was constructed, and a suit had been commenced by the town to set aside the contract, which suit was pending when the bill was presented.

Subsequently the town board passed a resolution agreeing to pay the relator $6,000, authorizing the borrowing of money for that purpose, and stipulating for the withdrawal of the pending suit to set aside the contract. This resolution was not carried out, and later on the board rejected the relator's bill. The relator thereupon brought this proceeding to review the action of the board as town auditors. The Appellate Division dismissed the writ, and from that decision he relator has appealed to this court.

*Pierre Reynolds* for appellant. The several contracts made by David L. Barnum and Frank Bailey, as sole highway commissioners of the town of New Castle, for and on the part of the town, with Martin Niland, the petitioner herein, during their several terms, were and are legal and binding obligations on the town of New Castle. (L. 1890, ch. 568, § 98; *People ex rel. D., L. & W. R. R. Co.* v. *County Court*, 92 Hun, 13; *People ex rel. Groton Co.* v. *Town Board*, 92 Hun, 585; *Baselin* v. *Pale*, 30 Misc. Rep. 375.) The town board with full knowledge of the facts, having due authority and intending to bind the town and pay for said road, duly accepted the same and ratified the acts of its sub-committee and of its highway commissioners in reference to said road. (*Trustees, etc., of Easthampton* v. *Bowman*, 136 N. Y. 526; *Kramrath* v. *City of Albany*, 127 N. Y.

581; *Peterson* v. *Mayor, etc., of N. Y.,* 17 N. Y. 449.)  The town board having ratified the action of its sub-committee and adopted its report and made the contract with petitioner to discontinue the action referred to above and pay him for building the said road $6,000, it was the duty of the town auditors to audit and allow the same.  (*People ex rel. Slater* v. *Smith,* 83 Hun, 432.)  The defense of *ultra vires* is not favored by the courts, and whenever that defense is interposed by a corporation and it appears that the other party has been led to part with value on the faith of the contract or will in any manner be prejudiced by its being declared unenforceable, the doctrine of estoppel will be applied against the defense and the defense will not prevail.  (*W. A. Co.* v. *Barlow,* 63 N. Y. 70; *R. L. R. Co.* v. *Roach,* 97 N. Y. 381; *Castle* v. *Lewis,* 78 N. Y. 131; *S. Bank* v. *Lavery,* 82 N. Y. 291; *Vought* v. *E. B. & L. Assn.,* 172 N. Y. 517, 518; *City of Buffalo* v. *Balcom,* 134 N. Y. 536.)

*Joseph E. Merriam* for respondents.  The highway commissioner had no authority to make the contract.  (L. 1890, ch. 568, § 98; *Foster* v. *Park Comrs.,* 133 Mass. 329; *Shapter* v. *Carroll,* 18 App. Div. 390; *Livingston* v. *Stafford,* 99 App. Div. 111; *Galen* v. *Plank Road Co.,* 27 Barb. 543; *Gailer* v. *Hemik,* 42 Barb. 79; *Lorillard* v. *Town of Munroe,* 11 N. Y. 392; *Van Keuren* v. *Auditors,* 74 N. Y. 310; *People ex rel. Morey* v. *Town Board,* 175 N. Y. 394.)  The town board had no authority to make the contract.  (*People ex rel. Everett* v. *Board of Supervisors,* 93 N. Y. 397; *People ex rel. Van Keuren* v. *Town Auditors,* 74 N. Y. 310; *Wells* v. *Town of Salina,* 119 N. Y. 280; *People ex rel. Peterson* v. *Clark,* 45 App. Div. 66; *People ex rel. Bevens* v. *Supervisors,* 82 Hun, 298.)  The town board had no authority to ratify the contract.  (*Kramrath* v. *City of Albany,* 177 N. Y. 581; *Peterson* v. *Mayor, etc., of N. Y.,* 17 N. Y. 449; *People ex rel. Morey* v. *Town Board,* 175 N. Y. 394; *Vil. of Fort Edward* v. *Fish,* 156 N. Y. 375.)

Werner, J. Our examination of the statutes which bear upon this controversy convinces us that the highway commissioner acted without authority in letting the contract to the relator for the construction of the road. The procedure provided by the statute for the determination of the necessity for a highway, which need not be set forth at length, does not confer authority upon a highway commissioner to pledge the town credit for the actual opening and construction of the road. The provisions of the statute covering the subject will be found in the Highway Law (L. 1890, ch. 568, §§ 83, 84–98), in force when these proceedings were taken. The sections cited relate to the laying out, altering or discontinuance of highways. Nothing contained therein has reference to the actual physical opening of roads.

The relator contends that the last of these sections (98) invests highway commissioners with power to enter into contracts for the physical construction of roads. That section provides: "The final determination of commissioners appointed by any court, relating to the laying out, altering or discontinuing a highway, * * * shall be forthwith filed and recorded in the town clerk's office of the town where the highway is located; and every such decision shall be carried out by the commissioners of highways of the town, the same as if they had made an order to that effect." The language of that section in connection with the preceding sections, as applied to a proceeding like this, simply directs a highway commissioner to take the necessary steps for the laying out of the highway. He is given no power to expend town money, except such as may be in his hands within the statutory limit of five hundred dollars, and he cannot create an indebtedness against his town for the actual opening of a road. Any attempt to exercise such power under that section is directly contrary to the explicit statutory limitations by which the duties of highway commissioners are hedged about. The functions of these officers as to the expenditure of town moneys and the pledging of town credit are very narrowly circumscribed. "They have no general power or authority

to bind the town by their contracts or undertakings, and are individually responsible alone to those with whom they contract, if any responsibility is thereby created." (*People ex rel. Everett* v. *Bd. of Supervisors, Ulster Co.*, 93 N. Y. 397; *People ex rel. Van Keuren* v. *Board of Town Auditors*, 74 id. 310.) They can only impose liability upon towns for the construction of roads when they have direct statutory authority therefor, and this has been the settled policy of this state for many years. (*People ex rel. Morey* v. *Town Board of Oyster Bay*, 175 N. Y. 394; *Acme Road Machinery Co.* v. *Town of Bridgewater*, 185 id. 1.)

Sections 10 and 53 of the Highway Law, which were in force when the highway commissioner of New Castle entered into the contract with the relator, authorized highway commissioners to incur liability and expend moneys in limited amounts for the repair and improvement of highways. The first of those sections relates to repairs in cases of emergency, and the expenditure in such cases is expressly made subject to the approval of the town board. The other section (53) prescribes the method of raising moneys by taxation for the repair and improvement of highways and the manner of their disbursement. The relator concedes that nothing contained in these two sections authorized the contract in question and, as we have observed, section 98, upon which the relator relies, did not confer the requisite authority. Thus the contract sought to be enforced in this proceeding was void. It is indisputable that a person who deals with the agent of a municipal corporation is chargeable with notice of the limitations upon the agent's authority, and it is, therefore, clear that the town in the case at bar cannot be held liable, for the acts of the highway commissioner were manifestly in excess of his powers.

The relator contends, however, that even if the action of the commissioner was illegal it was subsequently ratified by the resolution of the town board to liquidate the relator's claim by the payment of $6,000. The answer to this suggestion is that the town board was as powerless in the premises

as the commissioner. The statute limits and defines the powers and duties of town boards quite as strictly as those of highway commissioners, and the acts of either in excess of statutory authority are equally void. Prior to the enactment of chapter 396, Laws 1902, which has no application here, a town board had no power to let or approve contracts in relation to highways which called for the expenditure of more money than was raised by taxation under section 53, except in the case of emergencies under section 10, or except as provided by section 69 of the County Law (L. 1892, ch. 686). That section of the County Law, so far as material, provides that upon the application of a majority of the electors of a town, or the highway commissioner and town board, the board of supervisors may authorize the construction of a road and the borrowing of money to pay therefor. This section was not complied with. The town board, therefore, had in the first instance no power to enter into this contract, and it could not by its subsequent action ratify a contract which neither it nor the highway commissioner had the power to make. "When the act done is *ultra vires* it is void, and there can be no ratification; and when the mode of contracting is limited and provided for by statute, an implied contract cannot be raised." (*Kramrath* v. *City of Albany*, 127 N. Y. 575, 581.)

The order appealed from should be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Order affirmed.