In the Matter of the Claim of STANLEY R. DANN, Respondent, against TOWN OF VETERAN et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Argued October 6, 1938; decided October 18, 1938.

*F. A. W. Ireland* and *Leo Waxman* for Globe Indemnity Company, appellant. There is no provision in the Workmen's Compensation Law (Cons. Laws, ch. 67) authorizing a municipality to secure compensation to its officers. (*Matter of Youngman* v. *Town of Oneonta*, 204 App. Div. 96; 236 N. Y. 521; *People* v. *Dibble*, 189 N. Y. Supp. 29; 196 App. Div. 913; 231 N. Y. 593; *Matter of Stoerzer* v. *City of New York*, 267 N. Y. 339.)

*Sheldon F. Roe* for claimant, respondent. Claimant was made an employee by contract. (*Matter of Sabatalli* v. *DeRobertis*, 192 App. Div. 873; *Gates* v. *Prudential Ins. Co.*, 240 App. Div. 444; *Campbell* v. *State*, 240 App. Div. 309; *Harper* v. *Albany Mut. Ins. Co.*, 17 N. Y. 194; *Chadsey* v. *Gurion*, 97 N. Y. 333; *Palatine Ins. Co.* v. *Ewing*, 92 Fed. Rep. 111; *Matter of Aioss* v. *Sardo*, 223 App. Div. 201; 249 N. Y. 270.) The carrier is estopped by contract from claiming that the claimant was not an

employee. (*Mayor* v. *N. Y. & M. R. R. Co.*, 143 N. Y. 1; *Sentenis* v. *Ladew*, 140 N. Y. 463; *Employers' Liability Assur. Corp.* v. *Henderson*, 139 S. E. Rep. 688; *Maryland Casualty Co.* v. *Wells*, 134 S. E. Rep. 788; *Frankfort General Ins. Co.* v. *Conduit*, 127 N. E. Rep. 212; *Kittle* v. *Town of Kinderhook*, 214 App.Div. 345.)

*Per Curiam.* The policy in question provides that the company is directly and primarily liable to injured employees. Having by indorsement of its policy expressly covered the claimant by name as an employee, in consideration of a premium agreed to be paid therefor, it cannot after an accident be relieved of liability upon the ground that as to him the policy is void because in fact he was not an employee.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.