In the Matter of the Claim of MILDRED CLARKE, Respondent, against TOWN OF RUSSIA et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

Argued May 21, 1940; decided July 24, 1940.

*Chester J. Winslow* for appellants. Claimant was not an employee of the town of Russia nor could he be legally employed by the town. (*Kittle* v. *Town of Kinderhook,* 214 App. Div. 350; *Matter of Lanigan* v. *Town of Saugerties,* 180 App. Div. 227; 223 N. Y. 685.)

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum* of counsel), for State Industrial Board, respondent. The deceased employee was an employee of the town of Russia at the time he received the accidental injuries causing his death and the award for death benefits in favor of his widow was duly made by the State Industrial Board.

(*Matter of Hiscox* v. *Holmes*, 237 App. Div. 240; *Matter of Dann* v. *Town of Veteran*, 254 App. Div. 462; 278 N. Y. 461; *Matter of Clemens* v. *Town of Osceola*, 257 App. Div. 884; *Kenny* v. *Union Ry. Co.*, 166 App. Div. 497; *Ide* v. *Faul & Timmins*, 179 App. Div. 567; *McDermott* v. *Ingersoll & Bros.*, 178 App. Div. 943; *Matter of Nellis* v. *Town of Ohio*, 239 App. Div. 862.)

SEARS, J.   Claimant seeks an award under the Workmen's Compensation Law (Cons. Laws, ch. 67) on behalf of herself and her infant daughter for the death of her husband.   The decedent died from an injury which he received while working on a highway for the benefit of appellant Town of Russia.   The Town of Russia is a second class town which has secured compensation to its employees under a mutual self-insurance plan as provided in subdivision 3-a of section 50 of the Workmen's Compensation Law.   The town contests the widow's claim for compensation on the ground that at all times while her husband was working on the highway he was a Justice of the Peace of the town, and, as such, a member of the Town Board. (Town Law [Cons. Laws, ch. 62], § 60.)   The decedent had been hired by the foreman in charge of the work contrary to the instructions of the Town Superintendent of Highways and the Town Board, that members of the Board should not be employed to work on highways in the town, upon the decedent's assurance that it would be all right.   Under subdivision 4 of section 140 of the Highway Law (Cons. Laws, ch. 25), a Superintendent of Highways has the power to employ such persons as are necessary to repair highways in the town, but he must file a list of the names of the persons so employed with the compensation paid to each in the office of the Town Clerk.   He also has the power to order the Supervisor of the town to make payments of their compensation out of the highway fund. (Town Law, § 119; Highway Law, § 284.)   The Town Board, however, has the duty to audit the receipt and disbursement of any moneys of the town by its employees and officers. (Town Law, § 105.)   Thus, the payment of compensa-

tion to one employed by the Superintendent of Highways to work on the highway would come for audit before the Town Board of which the deceased was a member, although he might not be entitled to sit as such when the payment to him was being audited. (Town Law, § 105.) There can be no doubt that persons engaged by the Superintendent to work on town highways are employees of the town. (*Kittle* v. *Town of Kinderhook*, 214 App. Div. 345, 350.)

To establish her right to benefits under the Workmen's Compensation Law, it was essential for claimant to show that the technical relationship of employer and employee existed between her husband and the town. Under the common law a contract between a municipality and one of its officers is against public policy and illegal. (*Beebe* v. *Supervisors of Sullivan County*, 64 Hun, 377; affd., 142 N. Y. 631.) The decedent's contract of employment was not merely voidable, but void. A compensation award based upon an illegal contract which is void cannot be sustained. (*Matter of Swihura* v. *Horowitz*, 242 N. Y. 523; *Herbold* v. *Neff*, 200 App. Div. 244.) Since the relationship of employer and employee never existed between the town and the deceased, the reasoning found in *Matter of Kenny* v. *Union Railway Co.* (166 App. Div. 497) and in *Matter of Ide* v. *Faul & Timmins* (179 App. Div. 567) is inapplicable. Decedent's employment being void, it is not necessary to consider whether the decedent as a public officer took any part in making a contract in which he was individually interested in violation of section 1868 of the Penal Law.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the claim dismissed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH and LEWIS, JJ., concur; RIPPEY and CONWAY, JJ., dissent.

Order reversed, etc.