John Ulrich, Individually and as Guardian ad Litem of Jack Ulrich, an Infant, Plaintiff, *v.* Terminal Operating Corp., Defendant.

Supreme Court, Special Term, Orange County, December 17, 1945.

*Harry Schechter, William H. Stieglitz* and *Bernard Katzen* for defendant.

*Donald H. McCann* and *Stanley B. Johnson* for plaintiff.

Sneed, J. Motion by defendant for summary judgment dismissing complaint.

Infant plaintiff, fourteen years of age with vacation work permit, was employed by defendant as a bus boy in the Bear Mountain Inn, which defendant leased and operated.

Infant plaintiff entered that employment in June, 1944, and was injured in an elevator accident on July 10, 1944. The action is brought in negligence, plaintiff alleging that subsequent to the employment the infant was assigned to work in portions of the inn where spirituous liquors were sold by defendant and thereupon the employment " became unlawful and illegitimate for the reason that it constituted a violation of Section 484 of the Penal Law of the State ".

The defense is based upon the fact that defendant carried insurance under the Workmen's Compensation Law covering infant plaintiff and submits upon this motion documentary evidence of such coverage, and compliance with section 51 of that law.

The rule is established in this State that where the employment has been entered upon and the relationship of employer and employee established, the violation of any statute, whether penal or otherwise, does not render the Workmen's Compensation Law inapplicable. (*Boyle* v. *Cheney Piano Action Co.*, 193 App. Div. 408; *Noreen* v. *Vogel & Bros., Inc.*, 231 N. Y. 317; *Murphy* v. *Elmwood Country Club*, 183 Misc. 332; *Taswell* v. *General Matt Co.*, 30 N. Y. S. 2d 145).

The cases cited by plaintiff, *Matter of Swihura* v. *Horowitz* (242 N. Y. 523), *Clark* v. *Town of Russia* (283 N. Y. 272) and *Herbold* v. *Neff* (200 App. Div. 244), do not hold otherwise. In those cases the courts held there was no lawful employment and the contracts of employment upon which the questioned awards were based were void *ab initio*. In the instant case the affidavit filed by plaintiff in opposition to this motion asserts that upon employment " the infant plaintiff undertook tasks in the employ of defendant that were lawful and legitimate ".

The case of *Warney* v. *Board of Education* (290 N. Y. 329), cited by plaintiff, was based upon the provisions of the Workmen's Compensation Law that existed at the time the accident there involved had occurred. The amendments of that law in relation to election by employees in nonhazardous employment and failure to post notice in compliance with section 51 of the Law, distinguish that authority from a case involving an accident occurring since the adoption of those amendments. (See opinion of Mr. Justice PATTERSON in *Murphy* v. *Elmwood Country Club, supra.*)

The defendant's motion for summary judgment dismissing the complaint is granted.

Submit order.