In the Matter of the Claim of ALMA PERRY, Respondent, against TOWN OF CHERRY VALLEY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued April 21, 1954; decided July 14, 1954.

*A. E. Gold* and *Sterling P. Harrington* for appellant. I. The accident occurred during private work with town equipment which neither the town nor its superintendent of highways had a legal right to undertake or perform. (*City of New York* v. *Village of Lawrence,* 250 N. Y. 429; *Whittaker* v. *Village of Franklinville,* 265 N. Y. 11; *Wells* v. *Town of Salina,* 119 N. Y. 280; *Matter of Brown* v. *Trustees, Hamptonburg School Dist.,* 303 N. Y. 484; *Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318; *Mayor* v. *Ray,* 19 Wall. [U. S.] 468; *Tooly* v. *Town of Wilna,* 148 Misc. 611; *Wenk* v. *City of New York,* 171 N. Y. 607; *Tompkins* v. *Pallas,* 47 Misc. 309; *Vilias* v. *Featherson,* 94 App. Div. 259.) II. The award cannot stand as a matter of law. (*Matter of Clarke* v. *Town of Russia,* 283 N. Y. 272; *Village of Fort Edward* v. *Fish,* 156 N. Y. 363; *Ulrich* v. *Terminal Operating Corp.,* 186 Misc. 145, 271 App. Div. 930; *Seif* v. *City of Long Beach,* 286 N. Y. 382; *Kramrath* v. *City of Albany,* 127 N. Y. 575; *McDonald* v. *Mayor of City of N. Y.,* 68 N. Y. 23; *Peterson* v. *Mayor of New York,* 17 N. Y. 449; *Augustine* v. *Town of Brant,* 249 N. Y. 198; *O'Donnell* v. *City of Syracuse,* 184 N. Y. 1; *Downing* v. *City of New York,* 219 App. Div. 444, 245 N. Y. 597; *Smith* v. *City of Rochester,* 76 N. Y. 506.)

*Chester J. Winslow, Jr.,* for claimant-respondent. The decedent, although he may have been performing an illegal act in behalf of and at the instance of the town board of the Town of Cherry Valley at the time he was killed, was at that time an employee of the Town of Cherry Valley, New York, and, as such, comes within the provisions of the Workmen's Compensation Law, notwithstanding the fact that such act may have been in violation of a constitutional provision. (*Matter of Dann* v. *Town of Veteran,* 254 App. Div. 462, 278 N. Y. 461; *Ulrich* v. *Terminal Operating Corp.,* 186 Misc. 145, 271 App. Div. 930.)

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Polansky, Wendell P. Brown, Roy Wiedersum* and *Gilbert M. Landy* of counsel), for Workmen's Compensation Board, respondent. The award of death benefits made by the Workmen's Compensation Board was valid and proper. (*Matter of Enright* v. *Asplundh Tree Expert Co.,* 297 N. Y. 452; *Matter of Industrial Comr.* [*Siguin*] v. *McCarthy,* 295 N. Y. 443; *Matter of Ognibene* v. *Rochester Mfg. Co.,* 298 N. Y. 85; *Matter of McCarthy* v. *Rem-*

*ington Rand, Inc:,* 275 App. Div. 866, 300 N. Y. 715; *Matter of Motto* v. *Cosmopolitan Tourist Co.,* 278 App. Div. 597, 302 N. Y. 950; *Matter of Block* v. *Camp Shows, Inc.,* 272 App. Div. 980, 297 N. Y. 1032; *Matter of Lewis* v. *Knappen Tippetts Abbett Eng. Co.,* 304 N. Y. 461; *Matter of Piusinski* v. *Transit Valley Country Club,* 283 N. Y. 674; *Matter of Dodge* v. *Wm. J. Keller, Inc.,* 304 N. Y. 792; *Matter of Brown* v. *United Services for Air, Inc.,* 298 N. Y. 901; *Matter of Burns* v. *Merritt Eng. Co.,* 302 N. Y. 131; *Hemmingway* v. *Town of Dannemora,* 269 App. Div. 221; *Ulrich* v. *Terminal Operating Corp.,* 186 Misc. 145, 271 App. Div. 930; *Matter of Clarke* v. *Town of Russia,* 283 N. Y. 272; *Matter of Swihura* v. *Horowitz,* 242 N. Y. 523; *Augustine* v. *Town of Brant,* 249 N. Y. 198; *Matter of O'Bryan* v. *Town of Jewett,* 296 N. Y. 785; *Matter of Dann* v. *Town of Veteran,* 278 N. Y. 461.)

DYE, J. The workmen's compensation committee of the Board of Supervisors of the County of Otsego appeal to this court by our permission in order to test the propriety of an award of compensation benefits to the widow of Earl Perry, deceased, formerly superintendent of highways of the Town of Cherry Valley.

According to the affirmed findings of fact, the decedent sustained accidental injuries resulting from his employment while working for his employer and while using town equipment in the blasting of rock on privately owned lands; the work he was performing was incidental to his employment and arose out of and in the course of his employment.

While no definitive finding of fact was made, it is undisputed that the practice of blasting of rocks on privately owned lands had been customary for at least twenty years, for which the town collected a fee. In this instance the fee was to be $5.

The sole question is whether such circumstances operated to render the Workmen's Compensation Law inapplicable. We think not. For purposes of compensation the law makes no distinction between a public and private employment. Municipal fault or liability is not at issue (N. Y. Const., art. I, § 18; Workmen's Compensation Law [L. 1913, ch. 816, as re-enacted and amd. by L. 1914, ch. 41, and L. 1922, ch. 615]). An employer's liability to pay compensation depends on the employment and the right to payment depends on a work-connected injury (Workmen's Compensation Law, § 2, subds. 7–8).

The town is a municipal corporation (Town Law, § 2) possessing only such powers and authority as the Legislature confers (*Whittaker* v. *Village of Franklinville,* 265 N. Y. 11) and as such is instituted for public purposes only (*Mayor* v. *Ray,* 19 Wall. [U. S.] 468; *Wells* v. *Town of Salina,* 119 N. Y. 280).

For purposes of compensation a municipal corporation is an employer (Workmen's Compensation Law, § 2, subd. 3) and when its employees are injured in a hazardous occupation is liable for compensation (Workmen's Compensation Law, § 3, subd. 1, groups 3–13). We have held that a town superintendent of highways is within the purview of the Workmen's Compensation Law (*Matter of Dann* v. *Town of Veteran,* 278 N. Y. 461) and this is so even though he is an officer of the town (Town Law, § 20, subd. 1, par. [b]). Here the town secured compensation for its injured employees under a mutual self-insurance plan (Workmen's Compensation Law, § 50, subd. 3-a) from which the decedent was not excluded.

The fact that the decedent was town superintendent of highways and, as such, had no authority to enter into an illegal contract (Town Law, § 32; *Matter of Clarke* v. *Town of Russia,* 283 N. Y. 272) does not prevent treating him as an employee of the town for purposes of compensation (*Matter of Dann* v. *Town of Veteran, supra*). In *Matter of Clarke* v. *Town of Russia* (*supra*) compensation benefits were denied the injured claimant because the contract of employment was illegal in its inception, it being contrary to public policy and void for a superintendent of highways to employ a member of the town board (Town Law, § 105; *Matter of Swihura* v. *Horowitz,* 242 N. Y. 523).

Here, according to the uncontradicted evidence, the fatal injuries were directly attributable to the employment status, the legality of which is nowhere challenged (cf. *Ulrich* v. *Terminal Operating Corp.,* 186 Misc. 145, affd. 271 App. Div. 930).

The order appealed from should be affirmed, with costs.

VAN VOORHIS, J. (dissenting). Notwithstanding that the deceased town superintendent of highways of the Town of Cherry Valley was in good faith using the town's blasting equipment for the improvement of private property in consideration of payment by the property owner to the town, such an operation was beyond his powers as a public officer and illegal (Highway Law,

§§ 140, 142, 142-b, 142-c, 142-d; *Matter of Niland* v. *Bowron,* 193 N. Y. 180; *Smith* v. *City of Rochester,* 76 N. Y. 506, 509; *Smith* v. *Smythe,* 197 N. Y. 457; 2 Op. St. Comptroller, 1946, p. 43; 3 Op. St. Comptroller, 1947, pp. 234, 235; 4 Op. St. Comptroller, 1948, p. 338). This follows from the established rule that a town is a creature of the State and has only such powers and authority as are conferred upon it by the Legislature (*Wells* v. *Town of Salina,* 119 N. Y. 280, 287; *Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318, 325; McQuillan on Municipal Corporations [3d ed.], § 10.31). Custom confers no additional power upon a municipal corporation where there is no ambiguity to be resolved by the practical construction of a statute (McQuillan on Municipal Corporations [3d ed.], § 10.17). Reimbursement to the municipality of the cost of the service does not convert it from a private purpose to a public purpose (Miller, Local Government, 29 N. Y. U. L. Rev. 425, 539, Feb., 1954). It follows that although a town superintendent of highways may become an employee of the town for the purposes of the Workmen's Compensation Law (*Matter of Dann* v. *Town of Veteran,* 278 N. Y. 461), the accident which caused his death must have arisen out of and in the course of his employment (Workmen's Compensation Law, § 2, subds. 7, 8). In order to recover " The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work." (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148, 152.) The taxpayers of a town are not to be charged with the payment of workmen's compensation, nor of increased premiums if the town is insured, in event of an accident to this public officer which occurred at a time when he had departed from the scope of his employment, and was engaged in a project which was foreign to the powers and duties vested by law in him or in the town. " No power is vested in the town board to use highway machinery for private individuals by statute or otherwise and such a use would not in any sense be a town purpose." (3 Op. St. Comptroller, 1947, pp. 234, 235.) Section 32 of the Town Law limits the powers of the town superintendent of highways to duties consistent

with law, even in case of acts which he has been directed to perform by the town board. It must be borne in mind that neither by virtue of his office nor by resolution of the town board could he be authorized to act in an official capacity, beyond the powers granted by statute. When he ceases to act in his official capacity, he loses his status as an employee within the coverage of the Workmen's Compensation Law, inasmuch as that covers him only as town superintendent. When he contracted to do private work for a private individual, in a legal sense he ceased to act as the superintendent of highways of the Town of Cherry Valley. This is not a situation where some statute has been broken affecting the manner of performance of the work (*Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161; *Ulrich* v. *Terminal Operating Corp.*, 186 Misc. 145, affd. 271 App. Div. 930). Here the violation of statute consisted in the nature of the entire operation; it was illegal for him to have undertaken this work in the beginning, which he is chargeable with having known since he is presumed to have known the statutory law affecting the town and his position (*City of Buffalo* v. *Hawks*, 226 App. Div. 480). Therefore this accident cannot be held, in the language of *Matter of Heitz* v. *Ruppert* (*supra*, p. 152), to have been " one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work." The taxpayers of the town are responsible for the consequences of accidents happening to him while acting as town superintendent of highways, but not when he has departed from that role, however commendable this man's intentions may have been. There is no ground for liability more than would have been the case if he had lost his life while cultivating his neighbor's field or repairing his neighbor's house.

There is little doubt that the Town of Cherry Valley could not have been held liable if this blasting had negligently injured third persons, inasmuch as if negligent acts are *ultra vires* in such a sense as to have been committed in an operation undertaken wholly without the scope of the corporate powers of the municipality, it is not answerable for the consequences, " although the persons causing the work to be done were its officers and agents, and assuming to act as such in doing it." (*Augustine* v. *Town of Brant*, 249 N. Y. 198, 203.) The reason is that decedent would not have been acting within his function

as a public officer (*Village of Fort Edward* v. *Fish,* 156 N. Y. 363, 371). Section 29.10 of McQuillan on Municipal Corporations (3d ed., Vol. 10) summarizes this principle as follows (pp. 196–197): "If a contract is ultra vires it is wholly void and (a) no recovery can be had against the municipality thereon; (b) there can be no ratification, except by the legislature; (c) the municipality cannot be estopped to deny the validity of the contract; and (d) there can be no recovery on an implied contract, although it has been executed and the municipality has received the benefit of the contract."

This rule has been applied in denying a workmen's compensation award to a town superintendent of highways for disability arising from an accident which occurred while he was working under an illegal contract of employment (*Matter of Clarke* v. *Town of Russia,* 283 N. Y. 272).

It is immaterial that the appellant is the workmen's compensation committee of the County Board of Supervisors; for the purposes of this appeal, its status is the same as that of the Town of Cherry Valley, whose taxpayers must pay the award or defray the cost of providing this form of insurance.

The order of the Appellate Division and the award of the Workmen's Compensation Board should be reversed and the claim dismissed, with costs.

LEWIS, Ch. J., CONWAY, DESMOND, FULD and FROESSEL, JJ., concur with DYE, J.; VAN VOORHIS, J., dissents in opinion.

Order affirmed.