Burke, J.
The defendant Marley, Mayor of the Village of East Hampton, Long Island, participated in meetings of the Board of Trustees which adopted resolutions leading to the condemnation of various parcels of real property, including one owned by the Mayor and others.
The plaintiffs ’ complaint, filed in an action brought under the provisions of section 51 of the General Municipal Law to have the resolutions declared void, has been dismissed.
The legality of the board’s actions depends on the applicability of section 332 of the Village Law. That section provides, inter alia, that a village official shall not act as such in any ‘ ‘ matter or proceeding involving the acquisition of real property then owned by him for a public improvement ’ ’. The Appellate Division held that the section was inapplicable to the actions of the board since they were merely preliminary to ‘ ‘ the technical commencement, as defined in the statute, of a proceeding to acquire real property for a parking lot ”.
We read the statute differently. The term “matter or proceeding ’ ’, in our opinion, embraces the acts which the Board of Trustees performed in connection with the condemnation proceedings. These actions included the authorization of preliminary studies, surveys and estimates, the determination of the manner in which the property would be taken, the fixing of compensation, the distribution of the cost, the approval of the acquisition map, and the specification of assessment areas. Each of these decisions of the board involved the Mayor in conflicts of interest which the Legislature intended to prevent. The participation of the Mayor was a violation of the statute, consequently the resolutions and acts of the board were illegal (cf. Matter of Clarke v. Town of Russia, 283 N. Y. 272). In such a case, “ [p]ublic policy forbids the sustaining of municipal action founded upon the vote of a member of the municipal governing body in any matter before it which directly or immediately affects him individually” (Pyatt v. Mayor & Council of Borough of Dunellen, 9 N. J. 548, 557). Therefore, the resolution and other actions of the board relating to the condemnation *368 must be declared void, even though the vote of the Mayor was not necessary, a majority being sufficient (Beebe v. Board of Supervisors of Sullivan County, 64 Hun 377, affd. 142 N. Y. 631).
The judgment should be reversed, with costs in all courts, and defendant’s motion for summary judgment denied.