In the Matter of the Claim of MARGARET M. OHNEMUS, Appellant, v. PILGRIM STATE HOSPITAL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 28, 1964.

*Jerome B. Tobias* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GIBSON, P. J. Appeal is taken from a decision of the Workmen's Compensation Board which held that the State's employment of claimant, when 15 years old, as an attendant at Pilgrim State Hospital, did not entitle claimant, when injured, to double compensation under subdivision 1 of section 14-a of the Workmen's Compensation Law, in pertinent part providing that compensation "shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the labor law". The Labor Law, by section 228, in effect at the time of the accident in 1953 (now § 133, subd. 3, par. d), provided: "No person under eighteen years of age shall be employed in penal or correctional institutions or institutions under the jurisdiction of the department of mental hygiene if such employment relates to the custody or care of prisoners or inmates."

The ground of the board's decision is that "the employer, a department of the State of New York, is not subject to the Labor Law" and "[a]ccordingly, Section 14-a is not applicable". In the light of the above-quoted section 228 of the Labor Law, this holding is patently erroneous.

On this appeal, however, it is argued in the board's brief that the employment of claimant by the Commissioner of Mental Hygiene in violation of section 228 was illegal and void and that section 14-a is inapplicable because it "presupposes a valid employer-employee relationship." However, if there were no employment, the board's present award of compensation at the normal rate, or any award of compensation, would be completely inconsistent with its present position and, of course, unauthorized. In our view, the claimant was within the coverage of the Workmen's Compensation Law as respects both ordinary compensation and double compensation. Respondents' reliance upon *Matter of Clarke* v. *Town of Russia* (283 N. Y. 272) seems to us unwarranted and we consider that the contractual issue and that respecting double compensation are governed, rather, by *Matter of Perry* v. *Town of Cherry Valley* (307 N. Y. 427). We believe that the correct rule is as stated by Dean Larson: "Although it could be argued technically that a requirement of a 'contract of hire' can be satisfied only by showing a legal contract, the cases have generally drawn a distinction between

54

contracts which are illegal in the sense that the making of the contract itself violates some prohibition, and contracts which call for the performance of acts which are themselves violations of penal laws. The former will ordinarily support an award of compensation; the latter will not. * * * The commonest example of a contract which is prohibited but which calls for no illicit activity is the unlawful hiring of minors.'' (1 Larson, Workmen's Compensation Law, §§ 47.51, 47.52.)

The decision should be reversed, with costs to appellant, and the case remitted to the Workmen's Compensation Board.

HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Decision reversed, with costs to appellant, and case remitted to the Workmen's Compensation Board.