418

In the Matter of the Claim of ANNE EISNER, Respondent, *v.* CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 29, 1966.

*J. Lee Rankin, Corporation Counsel (Robert T. Hartmann* and *Seymour B. Quel* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for the Workmen's Compensation Board, respondent.

*Joseph M. Soviero* for State Insurance Fund.

*Anne Eisner,* claimant-respondent in person.

*Lawrence N. Marcus,* Counsel to the Administrative Board of the Judicial Conference of the State of New York, appearing for the Office of Probation for the Courts of New York City.

HERLIHY, J. P. The claimant in this case was a stenographer in the Department of Probation and was paid by the City of

New York. The board has held that at the time of the accident she was a member of the Career and Salary Plan of the City of New York, to which coverage under the Workmen's Compensation Law had been extended by the city. The city's argument that her membership in the Career and Salary Plan was automatically nullified as a matter of law on the effective date (Sept. 1, 1962) of the Judicial Conference of the State of New York was rejected by the board.

The city contends on this appeal that the claimant was not covered by compensation because the creation of the unified court system automatically removed her from the Career and Salary Plan on the effective date of article 7-A of the Judiciary Law.

" For purposes of compensation the law makes no distinction between a public and private employment." (*Matter of Perry* v. *Town of Cherry Valley*, 307 N. Y. 427, 429.) In this case it is clear that as of the time of the accident the employee had been treated by the city as a member of its Career and Salary Plan. The plan contains no provision for termination of membership, but does state as follows in part: " The pay plan * * * shall not apply to any position * * * the authority to fill which is vested by law, in any agency, board or public authority or public corporation, other than the Board of Estimate, unless such agency, board * * * having authority * * * to fill such position shall elect to comply with the provisions * * * of this resolution ".

There is no doubt that the authority to fill positions in the Department of Probation has been removed from the Board of Estimate since the passage of the unified court system. However, the Career and Salary Pay Plan as set forth above provides for an election by the appropriate authority. Since the employee was carried by the city as a member of this plan after September 1, 1962, the board could infer that such an election had been made satisfactory to the city.

The city has not shown that no such election was made and accordingly, the decision of the board is supported by substantial evidence.

It is to be noted that in this case the argument was solely on the theory that the employee was a city employee in the sense of group 17 of subdivision 1 of section 3 of the Workmen's Compensation Law. If the board were not to be affirmed on its finding of voluntary coverage, it would be necessary to remit this case for a determination as to whether or not the claimant came within group 16 of said subdivision 1 of section 3. (Cf.

*Matter of Chilk* v. *City of New York,* 26 A D 2d 425 [decided herewith].)

The decision should be affirmed.

REYNOLDS and STALEY, JR., JJ., concur; TAYLOR and AULISI, JJ., not voting.

Decision affirmed, with costs to the Workmen's Compensation Board.