Mario Pittoni, J.
Defendant village moves to dismiss plaintiff town’s complaint on the ground that the town is barred from bringing this action by section 7-706 of the Village Law, that the town has no standing to sue, that the town is not an aggrieved person and that the complaint is merely conclusory.
The town’s contention is that the cluster zoning provisions of the village ordinances violate section 7-738 of the Village Law, that they are defective in that they were not adopted pursuant to a proper Planning Board study, that they do not embody a comprehensive plan, thus permitting a case by case rezoning of the entire village, -and that a substantial conflict of interest exists on the Village Board of Trustees.
The town is a creature of the State Legislature and has only such powers and authority as the Legislature grants by statute, and no more (People v. Scott, 26 N Y 2d 286, 289; Matter of Perry v. Town of Cherry Val., 307 N. Y. 427, 430; Holroyd v. Town of Indian Lake, 180 N. Y. 318, 322). It has failed to show affirmative statutory authority to bring this action. In fact, the town admits there is no such authority.
Also, the zoning ordinance under attack, enacted in September, 1970, was amended February 7, 1974 to reclassify a certain *55 property from two-acre “ Residential ” to “ R-C1,” which now permits 24 residential units on a parcel of 5.8 acres. This amendment is the core of the town’s complaint. That would allow about four residences on each acre. The town fails to show how the town or its residents would be aggrieved by this change in the Village of 'North Hills.
The town has also failed to show by its various citations that it has affirmative case authority to sue as an aggrieved party. Its contentions that zoning must be accomplished at successively higher levels of government if its ends are to be achieved and that the courts have begun to recognize the validity of ecological arguments may persuade a higher court as being grounds for considering the town as an aggrieved party, but not this court of original jurisdiction, bound by statute and higher court decisions.
Although the town does mention in its complaint and brief that the village’s zoning provisions are illegal and unconstitutional, nowhere in its documents does it state how or why they are unconstitutional. The claimed violation of section 7-738 of the Village Law is only of a statute and not of a constitution. Merely labeling a proceeding an “ action ” and alleging unconstitutionality cannot take this case out of the legislated requirements and prohibitions of subdivision 1 of section 7-706 and subdivision 3 of section 7-712 of the Village Law and of article 78 of the .CPLR.
Be that as it may, on its complaint and brief before me the town has failed to show it to be an aggrieved party and that it has authority to bring this proceeding. Also, the town is barred from bringing this action by section 7-706 of the Village Law which states that 1 ‘ Such * * * town * * * shall not have the right of review by a court as hereinafter provided.”
. Having decided that the town could not bring this action because it is not an aggrieved party, because it has no authority to bring this proceeding, and because it is barred by section 7-706 of the Village Law, I shall not consider the other grounds advanced for dismissal.
The complaint is dismissed.