■ In the Matter of TOWN OF MONTAUK, INC., Appellant, v GEORGE E. PATAKI et al., Respondents. [835 NYS2d 447]—

In a proceeding pursuant to CPLR article 78, inter alia, to enjoin the Town of East Hampton, sued herein as the Town Board Government of the Town of East Hampton, from all planning, permitting, use, taxation, and governance of lands located in Montauk, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), dated June 20, 2005, which denied the amended petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The amended petition in this CPLR article 78 proceeding was properly denied, since the petitioner has no standing to bring this proceeding (see *Rudder v Pataki,* 93 NY2d 273, 278 [1999]). The petitioner, "Town of Montauk, Inc.," is not an established corporation, since it has filed no incorporation papers with the Department of State (see Business Corporation Law § 403; Not-For-Profit Corporation Law §§ 403, 904 [a]). Contrary to the petitioner's contentions, the Court of Appeals did not recognize it as a corporation, or as the governing body of Montauk, in *People v Vorpahl* (2 NY3d 781 [2004]).

Furthermore, the petitioner failed to show that it is the successor corporation to the original incorporated Proprietors of Montauk. Chapter 139 of the Laws of 1852 incorporated the Proprietors of Montauk, also making it the first trustee with governing powers over Montauk. However, there is no showing of the succession to the Proprietors of Montauk ending with the

petitioner. Indeed, in 1879, all of Montauk was sold to Arthur W. Benson, eliminating the need for a trustee corporation.

Moreover, the petitioner's contention that the Town of East Hampton is not a legitimate governing entity is without merit. A municipal corporation is a political subdivision of the State having only the authority delegated to it by the State (see NY Const, art IX, § 2; *Matter of Ames v Smoot,* 98 AD2d 216, 217 [1983]). Chapter 64 of the Laws of 1788 established the Town of East Hampton, specifically including Montauk. The Town of East Hampton is therefore a legitimate municipal corporation with the authority to govern Montauk (see Town Law § 2; *Matter of Perry v Town of Cherry Val.,* 307 NY 427, 430 [1954]).

Accordingly, the petitioner has no basis for its claims of injury and therefore cannot establish standing (see *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 773-774 [1991]).

The petitioner's remaining contentions are without merit.

Motion by the respondent County of Suffolk to impose sanctions upon the appellant and/or its attorney for pursuing a frivolous appeal. Separate motion by the respondent Town of East Hampton, sued herein as Town Board Gov't of Town of East Hampton, to impose sanctions upon the appellant and/or its attorney, and Robert A. Ficalora, in the form of an award of costs and an attorney's fee for pursuing a frivolous appeal. Separate motion by the respondent Town of East Hampton, sued herein as Town Board Gov't of Town of East Hampton, inter alia, to enjoin Robert A. Ficalora from commencing any further actions or proceedings directly or indirectly challenging the governance of Montauk without prior leave of court. By decisions and orders on motions dated August 8, 2006, and September 27, 2006, respectively, the motions were held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motions and the papers filed in opposition and relation thereto, and upon the argument of the appeal, it is

Ordered that motion by the respondent County of Suffolk to impose sanctions upon the appellant and/or its attorney for pursuing a frivolous appeal is denied; and it is further,

Ordered that the separate motion by the respondent Town of East Hampton, sued herein as Town Board Gov't of Town of East Hampton, to impose sanctions upon the appellant and/or its attorney, and Robert A. Ficalora, in the form of an award of costs and an attorney's fee for pursuing a frivolous appeal is denied; and it is further,

Ordered that the separate motion by the respondent Town of East Hampton, sued herein as Town Board Gov't of Town of East Hampton, inter alia, to enjoin Robert A. Ficalora from commencing any further actions or proceedings directly or indirectly challenging the governance of Montauk without prior leave of court is denied for failure to serve Robert A. Ficalora, without prejudice to the respondent Town of East Hampton seeking relief in the Supreme Court, Suffolk County, upon proper notice to Robert A. Ficalora. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.