Park Knoll Assoc. v Conover (2024 NY Slip Op 03183)

Park Knoll Assoc. v Conover

2024 NY Slip Op 03183

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-03993
 (Index No. 55221/18)

[*1]Park Knoll Associates, plaintiff/counterclaim defendant-appellant, 
v
Peg Conover, et al., defendants, Park Knoll Owners, Inc., defendant/counterclaim plaintiff-respondent, Harrin Platzner, et al., additional counterclaim defendants-appellants, et al., additional counterclaim defendants.

W. James MacNaughton, Mount Vernon, NY, for plaintiff/counterclaim defendant-appellant and additional counterclaim defendants-appellants.
Gallet Dreyer & Berkey, LLP, New York, NY (Jerry A. Weiss of counsel), for defendant/counterclaim plaintiff-respondent and defendants Peg Conover, Rae Acampora, David Fajardo, Larissa Moskowitz, Anne Picciano, Arlene Diaz, and Margaret Ingrassia.
Seyfarth Shaw LLP, New York, NY (Eddy Salcedo and Sarah A. Fedner of counsel), for defendants Seyfarth Shaw, LLP, and Richard Resnik.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty and legal malpractice, the plaintiff/counterclaim defendant and the additional counterclaim defendants Harrin Platzner and Cevin Soling appeal from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated March 22, 2020. The order, insofar as appealed from, granted those branches of the defendant/counterclaim plaintiff's motion for summary judgment which were for summary judgment on so much of its counterclaim as sought a declaration that the transfer on May 13, 2003, of 100 shares of cooperative stock allocated for Garages F-13 and F-14 to Harrin Platzner and Crystal Platzner was void ab initio and dismissing the first through sixth affirmative defenses of the plaintiff/counterclaim defendant and the additional counterclaim defendant Cevin Soling.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant/counterclaim plaintiff's motion which was for summary judgment on so much of its counterclaim as sought a declaration that the transfer on May 13, 2003, of 100 shares of cooperative stock allocated for Garages F-13 and F-14 to Harrin Platzner and Crystal Platzner was void ab initio, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting those branches of the defendant/counterclaim plaintiff's motion which were for summary judgment dismissing the first affirmative defenses of the plaintiff/counterclaim defendant and the additional counterclaim defendant Cevin Soling, which were based on Business Corporation Law § 203(a), the fourth affirmative defenses of the plaintiff/counterclaim defendant and the additional counterclaim defendant Cevin Soling insofar as they alleged the defense of ratification, the fifth affirmative [*2]defenses of the plaintiff/counterclaim defendant and the additional counterclaim defendant Cevin Soling, which were based on laches, and the sixth affirmative defenses of the plaintiff/counterclaim defendant and the additional counterclaim defendant Cevin Soling, which were based on the statute of limitations, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant/counterclaim plaintiff, Park Knoll Owners, Inc. (hereinafter the cooperative), owns a cooperative housing complex, known as Park Knoll, which has approximately 228 residential apartments and 160 parking spaces. The cooperative's daily operations are executed by its board of directors, which includes the defendants Peg Conover, Rae Acampora, David Fajardo, Larissa Moskowitz, Anne Picciano, Arlene Diaz, and Margaret Ingrassia (hereinafter collectively the board defendants). The plaintiff/counterclaim defendant, Park Knoll Associates (hereinafter PKA), was the sponsor of the complex's conversion to cooperative status and filed the offering plan with the New York State Attorney General in 1986.
The offering plan contained a contemporaneous ownership requirement, which mandated that stock allocated to parking spaces could only be acquired by a shareholder that already owned or would simultaneously acquire stock allocated to an apartment. The contemporaneous ownership requirement existed to maintain the cooperative's status as a cooperative housing corporation pursuant to Internal Revenue Code (26 USC) § 216(b)(1)(B). The offering plan also provided that, at closing, all unsold shares would be acquired and owned by PKA, which, in accordance with the offering plan, could then transfer them to others, subject to the contemporaneous ownership requirement. The cooperative's bylaws and certificate of incorporation, which were prepared and drafted by PKA, reiterated the contemporaneous ownership requirement.
The additional counterclaim defendant Harrin Platzner was a principal for Platzner International Group, Ltd., which was both the cooperative's managing agent from 1995 through 2008 and PKA's agent for selling and managing its apartments, garages, and spaces from 1993 through 2014. At various times, Platzner also served as an officer of the cooperative and a member of the cooperative's board of directors. In May 2003, Platzner and his wife (hereinafter together the Platzners) acquired 100 shares of stock allocated to two Park Knoll garages (hereinafter the Platzner stock). While PKA asserted that Platzner transferred the Platzner stock on behalf of the cooperative, the cooperative maintains that the Platzner stock was issued by PKA. At no point before or after acquiring the Platzner stock did the Platzners fulfill the contemporaneous ownership requirement. In 2016, the Platzners transferred the Platzner stock to PKA's general partner, the additional counterclaim defendant Cevin Soling. Soling likewise did not fulfill the contemporaneous ownership requirement.
In April 2018, PKA commenced this action, alleging, inter alia, that the board of directors breached their fiduciary duties by allowing the Platzner stock to deprive the cooperative of its 26 USC § 216 status and that the defendants Richard Resnik and Seyfarth Shaw, LLP (hereinafter together Resnik and Seyfarth), committed legal malpractice by failing to cure the cooperative's loss of its 26 USC § 216 status. The board defendants and the cooperative interposed an answer, in which the cooperative asserted a counterclaim seeking, among other things, a declaration that the transfers of the Platzner stock were void ab initio. PKA replied to the counterclaim and asserted affirmative defenses based on, inter alia, Business Corporation Law § 203(a), release, res judicata, estoppel, waiver, ratification, laches, and the statute of limitations. Soling replied to the counterclaim with the same affirmative defenses asserted by PKA.
In September 2019, the cooperative moved, inter alia, for summary judgment on so much of its counterclaim as sought a declaration that the May 2003 transfer of the Platzner stock to the Platzners was void ab initio and dismissing PKA's and Soling's first through sixth affirmative defenses. Resnik and Seyfarth joined the motion.
In an order dated March 22, 2020, the Supreme Court, inter alia, granted those branches of the cooperative's motion. PKA, Platzner, and Soling appeal.
An ultra vires contract or transaction is void (see Matter of Niland v Bowron, 113 AD 661, 663, affd 193 NY 180), "not because it is in itself immoral, but because the corporation, by the law of its creation, is incapable of making it" (Central Transp. Co. v Pullman's Palace Car Co., 139 US 24, 60). A corporation's actions are ultra vires where they involve "adventures or undertakings outside and not within the scope or power given by their charters" (Jemison v Citizens' Sav. Bank of Jefferson, Tex., 122 NY 135, 140). When a real estate transaction is void, "'the law deems that no transfer actually occurred'" (Rockwell v Despart, 212 AD3d 27, 33-34, quoting Weiss v Phillips, 157 AD3d 1, 10; see Cruz v Cruz, 37 AD3d 754,754).
Business Corporation Law § 203 states, in relevant part, that "[n]o act of a corporation and no transfer of real or personal property to or by a corporation, otherwise lawful, shall be invalid by reason of the fact that the corporation was without capacity or power to do such act or to make or receive such transfer," except in three specific situations that do not apply here (Business Corporation Law § 203[a]).
Here, the cooperative failed to establish its prima facie entitlement to judgment as a matter of law declaring that the transfer of the Platzner stock to the Platzners was void ab initio on the ground that it was issued in violation of, inter alia, the certificate of incorporation (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The cooperative failed to establish that PKA transferred the Platzner stock to the Platzners. The attempt by the cooperative to submit the stub book pages associated with the Platzner stock transfer to establish that the Platzner stock was transferred by Platzner on behalf of PKA, and not on behalf of the cooperative, relied upon inadmissible hearsay (see Anghel v Ruskin Moscou Faltischek, P.C., 190 AD3d 906, 907-908; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202). The affidavit of Conover, an officer and director of the cooperative, failed to lay a proper foundation for the admission of the stub book pages (see Anghel v Ruskin Moscou Faltischek, P.C., 190 AD3d at 908). Moreover, the cooperative submitted the affidavits of Platzner and Soling with its motion, which presented facts in conflict with the cooperative's position as to which entity transferred the Platzner stock. Both Platzner and Soling attested that the Platzners acquired the Platzner stock from the cooperative, not from PKA, in consideration for services rendered by Platzner to the cooperative in a foreclosure sale of stock held by a former resident of the cooperative. Platzner averred that he signed the stock certificates "in [his] capacity as Assistant Vice-President of Park Knoll Owners, Inc." Contrary to the cooperative's contention, Platzner's and Soling's affidavits were not bald, conclusory, or unsupported by the record (cf. Laskaratos v Bay Ridge Hoyt Lender, LLC, 185 AD3d 908, 910). Accordingly, the Supreme Court should have denied that branch of cooperative's motion which was for summary judgment on so much of its counterclaim as sought a declaration that the May 2003 transfer of the Platzner stock to the Platzners was void ab initio.
Inasmuch as the cooperative failed to eliminate all triable issues of fact as to which entity transferred the Platzner stock, it failed to demonstrate that Business Corporation Law § 203(a) would not be a viable defense that would bar nullification of the alleged ultra vires transfer. Thus, the cooperative failed to establish its prima facie entitlement to judgment as a matter of law dismissing the first affirmative defenses of PKA and Soling, which were based on Business Corporation Law § 203(a) (see Wells Fargo Bank, N.A. v Edwards, 186 AD3d 1455, 1456). Accordingly, the Supreme Court should have denied that branch of the cooperative's motion which was for summary judgment dismissing the first affirmative defenses of PKA and Soling, which were based on Business Corporation Law § 203(a).
Because the cooperative failed to establish as a matter of law that the transfer of the Platzner stock was void ab initio, the cooperative consequently failed to establish its prima facie entitlement to judgment as a matter of law dismissing the fourth affirmative defenses of PKA and Soling only insofar as they alleged the defense of ratification (see Matter of Levy, 69 AD3d 630, 632; Aronoff v Albanese, 85 AD2d 3, 4; Matter of Niland v Bowron, 113 AD at 663). For the same reason, the cooperative likewise failed to establish its prima facie entitlement to judgment as a matter of law dismissing the fifth and sixth affirmative defenses of PKA and Soling, which were based on laches and the statute of limitations, respectively (see Faison v Lewis, 25 NY3d 220, 224; Premier Capital, LLC v Best Traders, Inc., 88 AD3d 677, 678).
However, the cooperative established its prima facie entitlement to judgment as a matter of law dismissing the second affirmative defenses of PKA and Soling, which were based on release, the third affirmative defenses of PKA and Soling, which were based on res judicata, and the fourth affirmative defenses of PKA and Soling insofar as they alleged the defenses of estoppel and waiver (see Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071). In opposition, PKA and Soling failed to raise a triable issue of fact.
PKA, Platzner, and Soling's remaining contentions are not properly before this Court.
LASALLE, P.J., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court